1  CHARLES A. BONNER, ESQ. SB# 85413
   A. CABRAL BONNER, ESQ. SB# 247528
2  **LAW OFFICES OF BONNER & BONNER**
   475 GATE FIVE RD, SUITE 211
3  SAUSALITO, CA 94965
   TEL: (415) 331-3070
4  FAX: (415) 331-2738
   cbonner799@aol.com
5  cabral@bonnerlaw.com
6  ATTORNEYS FOR MR. JASON STINGLEY

7              **UNITED STATES DISTRICT COURT**

8            **EASTERN DISTRICT OF CALIFORNIA**

9

10  **JASON STINGLEY**                    )  **COMPLAINT FOR DAMAGES**
                                          )
11              PLAINTIFF,                )  **FEDERAL CLAIMS**
                                          )  1. **Conspiracy to Interfere with Civil**
12       vs.                              )     **Rights**
                                          )  2. **Failure to Prevent Conspiracy In**
13  **CITY OF HANFORD, CITY OF**          )     **Violation of Civil Rights Law 42**
    **HANFORD POLICE DEPARTMENT,**        )     **U.S.C. § 1983**
14  **PARKER SEVER,** *In His Individual* )  3. **Illegal Intrusion on First Amendment**
    *Capacity;* **JEFF DAVIS,** *In His Individual* ) **Right To Free Speech In Violation of**
15  *Capacity;* **STEPHANIE HUDDLESTON,** *In* )  **42 U.S.C. § 1983**
    *Her Individual Capacity;* **AND DOES 1** ) 4. **Retaliation For Exercising Free**
16  **THROUGH 50, INCLUSIVE,**            )     **Speech** *Monell* **Action-Based On**
                                          )     **Official Policy, Practice Or Custom In**
17              DEFENDANTS.               )     **Violation of 42 U.S.C. § 1983**
                                          )  5. **Retaliation For Exercising Free**
18                                        )     **Speech** *Monell* **Action-Based On Act**
                                          )     **Of Final Policymaker In Violation of**
19                                        )     **42 U.S.C. § 1983**
                                          )  6. **Retaliation For Exercising Free**
20                                        )     **Speech** *Monell* **Action-Based On**
                                          )     **Ratification In Violation of 42 U.S.C.**
21                                        )     **§ 1983**
                                          )  7. **Retaliation For Exercising Free**
22                                        )     **Speech** *Monell* **Action-Based On**
                                          )     **Policy Of Failure To Train Or**
23                                        )     **Supervise In Violation of 42 U.S.C. §**
                                          )     **1983**
24                                        )  8. **Wrongful Termination In Violation**
                                          )     **Of 14th Amendment Right To**
25                                        )     **Property and Equal Protection** *Monell*
                                          )     **Action-Based On Official Policy,**
26                                        )     **Practice Or Custom In Violation of 42**
                                          )     **U.S.C. § 1983**
                                          )  9. **Wrongful Termination In Violation**
                                          )     **Of 14th Amendment Right To**

1 )
2 )
3 )
4 )
5 )
6 )
7 )
8 )
9 )
10 )
11 )
12 )
13 )
14 )
15 )
16 )
17 )
18 )
19 )
20 )
21 )
22 )
23 )
24 )
25 )
26

**Property and Equal Protection *Monell* Action-Based On Act Of Final Policymaker In Violation of 42 U.S.C. § 1983**

10. **Wrongful Termination In Violation Of 14th Amendment Right To Property and Equal Protection *Monell* Action-Based On Ratification In Violation of 42 U.S.C. § 1983**

11. **Wrongful Termination In Violation Of 14th Amendment Right To Property and Equal Protection *Monell* Action- Based On Policy Of Failure To Train Or Supervise In Violation of 42 U.S.C. § 1983**

12. **Wrongful Termination In Violation Of 14th Amendment Right To Due Process, *Skelly Monell* Action-Based On Official Policy, Practice Or Custom In Violation of 42 U.S.C. § 1983**

13. **Wrongful Termination In Violation Of 14th Amendment Right To Due Process, *Skelly Monell* Action-Based On Act Of Final Policymaker In Violation of 42 U.S.C. § 1983**

14. **Wrongful Termination In Violation Of 14th Amendment Right To Due Process, *Skelly Monell* Action-Based On Ratification In Violation of 42 U.S.C. § 1983**

15. **Wrongful Termination In Violation Of 14th Amendment Right To Due Process, *Skelly Monell* Action-Based On Policy Of Failure To Train Or Supervise In Violation of 42 U.S.C. § 1983**

**STATE CLAIMS**

16. **Violation of California Government Code § 8547**

17. **Whistleblower Protection Act Retaliation In Violation of California Labor Code § 1102.5**

18. **Negligence California Government Code § 815.2**

19. **Intentional Infliction of Emotional Distress**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1.      Defendant CITY OF HANFORD POLICE DEPARTMENT ("CHPD") directly targeted Plaintiff JASON STINGLEY through racial discrimination and retaliation to the point that Mr. Stingley was forced to resign his employment as a Police Officer with the CITY OF HANFORD. Mr. Stingley was subjected to derogatory and racial slurs, unfounded suspensions, demotions, and denied Due Process in violation of the 14th Amendment of the U.S. Constitution.  Mr. Stingley alleges racial discrimination, hostile work environment and harassment, and systematic practice of managerial discrimination, all of which violated his rights under both state law and federal constitutional rights.

2.      On one occasion, Mr. Stingley was instructed by DEFENDANT PARKER SEVER, to get on his knees on a busy street corner so that his white police officer counterparts could conduct a staged violent arrest of Mr. Stingley in front of the African American citizens of Hanford. Despite partaking in such degrading and inexpressibly discriminatory theatrics in order to retain his position with the CHPD, Mr. Stingley experienced extreme and utter humiliation, embarrassment, and sever emotional distress.

3.      On or around the year of 2007, Sergeant PARKER SEVER earnestly expressed to Mr. Stingley that he would inquire with CHPD's Chief of Police as to whether Stingley would be permitted to carry a spear in lieu of his officially allocated handgun. This comment was unequivocally disparaging that singularly denoted a long standing racially derogatory stereotype of African Americans. Again, with the aim of retaining his employment, Mr. Stingley shouldered the blow but was severely impacted and incurred extreme humiliation, embarrassment, and severe emotional distress.

4.      DEFENDANTS, and each of them, failed to investigate Mr. Stingley's complaint regarding Defendant JEFF DAVIS' use of the "N"-word when arresting an African American juvenile.

5.      Mr. Stingley was further subjected to a hostile work environment when Defendant JEFF DAVIS called Mr. Stingley an "Uncle Tom" in front of the entire Department. DEFENDANTS, including but not limited to JEFF DAVIS, continued to foster a hostile work environment when JEFF DAVIS, with the consent and appreciation of others in the CHPD displayed a noose hanging from his patrol vehicle.

6.      DEFENDANTS, and each of them, retaliated against Mr. Stingley after he protested the hostile work environment by expressing his concern over the systemic use of derogatory and racial slurs and the blatant threat of violence and historical atrocity of displaying a noose in the workplace.

7.      After the CHPD hired a second African American police officer, DEFENDANT PARKER SEVER condescendingly stated publicly that "now we don't have to promote you, Jason."

8.      On or around December 20, 2016, DEFENDANT PARKER SEVER sent an office wide email that was racially offensive to the Department's Latin American police officers, stating, "I meant Officer Rivera. Curse all of you for looking alike. Lol."

9.      On or around September 15th, 2020, Mr. Stingley was subjected to an internal affairs investigation after Defendant JEFF DAVIS made baseless accusations regarding a briefing that took place on September 13, 2020. Mr. Stingley was falsely accused of attending work in his pajamas, "smelling like a men's locker room," threatening officers, making aggressive and sexually explicit comments, and causing other officers to fear for their safety.

10.     Mr. Stingley was denied participation in the appeals process before being demoted on or around October 21, 2020.

11.     DEFENDANTS, and each of them, demoted Mr. Stingley in the interest of promoting his white counterpart, Officer Jared Cota.

12.     DEFENDANTS' illegal conduct violated Mr. Stingley's rights under the First and Fourteenth amendments to the United States Constitution. The United States Constitution protects against the deprivation, inter alia, of liberty and property without due process of law. "Liberty," includes the right to be free of defamation by a government official, when such defamation is made public and occurs in connection with the denial of some significant tangible interest. *Board of Regents v. Roth* (1972) 408 U.S. 564; *Goss v. Lopez* 419 U.S. 565(1975). "Property," among other things, includes the rights of an employee to continued public employment where the employee can be terminated only for "cause." *Arnet v. Kennedy* 416 U.S. 134(1974).

## PARTIES

13.     JASON STINGLEY ("Mr. Stingley") is a citizen of the United States of America and is a resident of the County of Kings, California.  Mr. Stingley was, at all relevant times, employed by the

City of Hanford, working as a police officer with the Hanford Police Department, County of Kings, California.

14.     DEFENDANT PARKER SEVER, sued herein *In His Individual Capacity* is an individual residing in the County of Kings, California, and is employed by the Hanford Police Department.

15.     DEFENDANT JEFF DAVIS, sued herein *In His Individual Capacity* is an individual residing in the County of Kings, California, and is employed by the Hanford Police Department.

16.     DEFENDANT STEPHANIE HUDDLESTON sued herein *In Her Individual Capacity* is an individual residing in the County of Kings, California, and is employed by the Hanford Police Department.

17.     Mr. Stingley is informed, believes, and based thereon, alleges that Defendant City of Hanford ("City") is a governmental entity in the State of California, with a principal place of business at 315-321 North Douty Street, Hanford, California 93230.

18.     Mr. Stingley is informed, believes, and based thereon, alleges that Defendant City of Hanford Police Department is a governmental entity of and for the County of Kings, with a principal place of business at 425 N. Irwin Street, Hanford, California 93230.

19.     The true names, identities and/or capacities of the individuals sued herein as DOES 1 through 50, inclusive, are currently unknown to Mr. Stingley, who, therefore, sues said Defendants by such fictitious names. When the true name, identities, and/or capacities of these Defendants are known, Mr. Stingley will seek leave of the Court to amend this Complaint.

20.     Mr. Stingley is informed, believes, and based thereon, alleges that Defendants, and each of them, were the employees, agents, servants, supervisors, managers, officers and/or directors of each and every other Defendant, and in doing the things alleged herein, were acting within the course, scope and authority of such agency, supervision and/or employment.

21.     Mr. Stingley is further informed, believes, and based thereon, alleges that the acts, omissions, and things complained herein were done by the agents, servants, employees, supervisors, manages, officers, and/or directors of Defendants, and each of them, and were authorized, directed, approved and ratified by Defendants.

**RESPONDEAT SUPERIOR**

COMPLAINT FOR DAMAGES

22.    All of the described conduct, acts, and failures to act are attributed to agents and managing agents of CITY OF HANFORD. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment and agency. Further, at all relevant times each Defendant was acting in agreement, and with the endorsement, ratification and consent of each of the other Defendants.

**RATIFICATION, ADOPTION AND AUTHORIZATION**

23.    DEFENDANT CITY and its managing agents, in both their individual and official capacities, ratified, adopted and authorized each of the Defendants and managing agents' illegal conduct. DEFENDANT CITY and its managing agents, in both their individual and official capacities, knew, or should have known, that Defendant and managing agents were engaging in illegal conduct and had been warned, informed, and given prior notice of the illegal conduct.

24.    It is well established that when an employer ratifies the tortious conduct of an employee, he or she becomes "liable for the employee's wrongful conduct as a joint participant." *Fretland v. County of Humboldt* 69 Cal. App. 4th 1478, 1489-1490(1999). An employer who fails to discipline an employee after being informed of that employee's improper conduct can be deemed to have ratified that conduct. *Hart v. National Mortgage & Land Co.* 189 Cal. App. 3d 1420, 1430(1987); *Iverson v. Atlas Pacific Engineering* 143 Cal. App. 3d 219, 228(1983). According to the court in *Iverson*, supra, if an employer is informed that an employee has committed an intentional tort and nevertheless declines to "censure, criticize, suspend or discharge" that employee, a claim can be made for ratification. *Id*.

25.    "Ratification is the voluntary election by a person to adopt in some manner as his own, an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him. A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is 'inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it.' *Fretland*, supra 69 Cal. App. 4th 1

26.     At all relevant times alleged herein, DEFENDANTS' CITY OF HANFORD and CITY OF HANFORD POLICE DEPARTMENT and its managing agents, in both their individual and official capacities, had actual and constructive knowledge of Defendant's, and managing agents' illegal conduct and has endorsed, ratified, and encouraged Defendants' illegal behavior. DEFENDANTS' CITY OF HANFORD and CITY OF HANFORD POLICE DEPARTMENT, and its managing agents, in both their individual and official capacities, failed to take any corrective action to protect employees and the public from Defendants' illegal behavior.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.     Mr. Stingley also filed an Administrative "Tort Claim" with the Clerk of the Board of Supervisors of DEFENDANT CITY. Mr. Stingley has filed a claim with the Equal Employment Opportunity Commission AND the Department of Fair Employment and Housing and is awaiting a response from these agencies. He will therefore amend this Complaint to reflect the responses from these agencies when received.

## WORKERS' COMPENSATION EXCLUSIVITY DOES NOT APPLY

28.     Each and every wrongful, injurious, intentional, willful, discriminatory, harassing act and failure to act, by Defendants were not normal incidents of employment and were outside the scope of the employment bargain. Thus, Workers Compensation exclusive remedy set forth in California Labor Cod § 3600 et seq. will not preempt, nor bar Mr. Stingley's right to recover for damages set forth herein.

## ILLEGAL CONDUCT BY DEFENDANTS

29.     DEFENDANTS' CITY OF HANFORD and CHPD, through their managing agents, including, but not limited to, DEFENDANTS SEVER, DAVIS, and HUDDLESTON, created a hostile work environment permeated with retaliation, sham investigations and a pattern, practice, custom and policy of conduct which blatantly violated Mr. Shipley's constitutional rights  and rights under state law.

30.     Specifically during the period of 2006 and continuing unabatedly through to the present, DEFENDANTS' CITY OF HANFORD and CHPD have initiated, endorsed, ratified, and approved a policy and custom, both expressed and implied, which have, and are, causing the deprivation of Mr.

Stingley's civil rights when he exercised his constitutional right of free speech and right to petition the government. The CITY OF HANFORD  and CHPD are directly responsible for maintaining a custom and policy, including sham investigations as a camouflage and pretext for retaliation that has caused deprivations of Mr. Stingley's rights to free speech and petition, as well as property, liberty and due process.

31.    Such illegal custom, practice, pattern and policy was perpetrated by the CHPD's managing agents, DEFENDANTS' SEVER, DAVIS, AND HUDDLESTON who embarked on a concerted campaign of retaliation and intimidation that included the demotion of Mr. Stingley, as well as intentionally withholding of promotional opportunities and benefits based upon Mr. Stingley's exercising of his First Amendment rights' to speech and petition.

<u>**STATEMENT OF FACTS**</u>

32.    Mr. Stingley was employed as a Police Officer with the CHPD from 2006, through 2021, when DEFENDANTS, and each of them, wrongfully initiated a campaign of retaliatory acts that resulted in the adverse employment action of demotion in 2021. The demotion was in retaliation for his engagement in protected speech that exposed the CHPD and its Police Chief's systemic failure in complying with the law by engaging in unadulterated discriminatory practice.

33.    Throughout his career with the CHPD beginning in 2006, Mr. Stingley rose through the ranks and achieved the rank of   acting sergeant. Mr. Stingley was assigned to the Department's misdemeanor unit ("M-Team"). DEFENDANT SEVER was Mr. Stingley's director supervisor.

34.    DEFENDANT JEFF DAVIS was Mr. Stingley's subordinate.

35.    Mr. Stingley spoke out on several occasions regarding his concerns with the hostile work environment that permeated the CHPD.

36.    Mr. Stingley was continually berated with racial and derogatory epithets and comments by both his direct superviser, DEFENDANT SEVER and Officer DAVIS.

37.    DEFENDANT SEVER joked with Mr. Stingley that he would inquire whether he would be permitted to carry a spear in lieu of a handgun.

38.    DEFENDANT DAVIS referred to Mr. Stingley as an "Uncle Tom".

39.     Mr. Stingley was also subjected to enduring the display of the historically repulsive and pernicious 'noose' hanging from DEFENDANT DAVIS' patrol vehicle.

40.     Mr. Stingley protested this hostile and discriminatory work environment.

41.     On account of such protestations, Mr. Stingley was subjected to retaliatory Internal Affairs investigations that were baseless and frivolous but resulted in being placed on administrative leave.

42.     On or around October 2021, Mr. Stingley was demoted.

43.     In response, Mr. Stingley sought to move on with his career but was hindered by the lingering contrived and baseless investigations perpetuated by the CHPD.

44.     After Mr. Stingley complained about the complete and utter system breakdown in the CHPD, DEFENDANTS made the following false accusations, each of which was an act of retaliation. On account of such false allegations, the Police Department was without reasonable cause to either demote Mr. Stingley and/or place him on administrative leave.

### *ACTS OF RETALIATION*

45.     **Retaliating Allegation 1: Internal Affairs Investigations**

46.     In temporal proximity of Mr. Stingley's complaints of being subjected to a racial hostile work environment, DEFENDANTS conspired to conduct a targeted retaliatory internal affairs investigation against him. Within that investigation, DEFENDANT STEPHANIE HUDDLESTON failed to produce any testimony or documents to support the Department's contrived and meritless allegations. DEFENDANTS' investigation dispensed with the truth as such investigation carried out by DEFENDANTS SEVER and STEPHANIE HUDDLESTON sought to merely inflict both professional and personal harm against Mr. Stingley.

47.     **Retaliating Allegation 2:**

48.     Despite lacking in reasonable cause and in refusing to subject other similarly situated White officers to the same treatment, in or about September 15, 2020, Mr. Stingley was singled out and ordered to be evaluated for "Fitness for Duty".

49.     **Retaliating Allegation 3: Demotion**

50.     In or around October 21, 2021, Captain Karl Anderson's confirmed Mr. Stingley's demotion upon review of LIEUTENANT's HUDDLESTON and James Edlund's recommendation.

51.    **Retaliating Allegation 4: Denied Appeal**

52.    Mr. Stingley contested his demotion through the appeal process. City Manager, Mario Cifuentez stated, "the basis of the proposed demotion is that, despite the fact that you were by all accounts a commendable employee… you are guilty of several violations including dereliction of duty, failing to meet Departmental policies on several occasions and conduct unbecoming a Police Officer for the City of Hanford." Despite his previous sterling performance record, Mr. Stingley was forced to face unsubstantiated scrutiny after voicing his well founded concerns of an ongoing and unrelenting hostile work environment that permeated the CHPD. Mr. Stingley's concerted attempt to contest his demotion was denied a second time in or around February 11, 2021 when CITY OF HANFORD City Manager Cifuentez denied his request for arbitration.

53.    **Retaliating Allegation 5: Administrative Leave**

54.    In or around March 4, 2021, Mr. Stingley was subjected to a second baseless Internal Affairs investigation and placed on administrative leave for allegedly challenging citizen to a fight.

**FEDERAL CLAIMS**

**FIRST CAUSE OF ACTION**
**Violation Of Civil Rights Laws**
**42 U.S.C. §1983 and 42 U.S.C. §1985**
**Conspiracy to Interfere with Civil Rights**
**(Against All Individual Defendants)**

55.    Mr. Stingley hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

56.    DEFENDANTS PARKER SEVER, JEFF DAVIS, STEPHANIE HUDDLESTON, DOES 1-50 plotted, coordinated, reached, and entered into a specific agreement, express or implied, with the specific common purpose to deprive Mr. Stingley of his First Amendment rights of freedom of speech and substantive due process rights to liberty, property, and equal protection of the laws.

57.    To that end, DEFENDANTS and DOES 1-50 acted jointly with the specific common purpose of silencing Mr. Stingley's voiced concerns about structural and discriminatory practices in the CHPD by demoting him from his rank class, and in so doing, diminished his credibility to make any further

protests of a hostile work environment. Similarly, DEFENDANTS sought to deprive Mr. Stingley of his substantive due process rights to property on account of his race, to wit: subjecting him to contrived internal affairs investigations resulting in a demotion of rank and thereby, a diminishment of his property rights.

58.     DEFENDANTS and DOES 1-50 further perpetuated said conspiracy by taking the overt act of intentionally disregarding Mr. Stingley's First Amendment rights as clearly enumerated under federal, state, and constitutional law by (1) demoting his class rank after making complaint of office discrimination and a hostile work environment, (2) subjecting him to various Internal Affairs investigations based on unsubstantiated hearsay statements, and (3) placing him on administrative leave.

59.     As a direct result of DEFENDANTS PARKER SEVER, JEFF DAVIS, STEPHANIE HUDDLESTON, DOES 1-50 conspiracy to interfere with Mr. Stingley's First Amendment freedom of speech and Fourteenth Amendment rights in violation of the equal protection of the law, Mr. Stingley has suffered damages, including: Damage to his personal and professional reputation; Loss of earnings and earning capacity; Psychological and emotional injury, past and future; and degradation, humiliation, mental anguish, suffering and embarrassment.

60.     Mr. Stingley is further informed and believe that the acts and/or omissions of the DEFENDANTS PARKER SEVER, JEFF DAVIS, STEPHANIE HUDDLESTON, DOES 1-50 were intentional, malicious, oppressive and/or done with a conscious or callous disregard for Mr. Stingley's safety and/or constitutional rights which thereby justifies an award of punitive or exemplary damages in amounts to be determined according to proof.

**SECOND CAUSE OF ACTION**
**Violation of Civil Rights Law**
**42 U.S.C. §1986**
**Failure to Prevent a Conspiracy to Deprive Rights**
**(Against All Defendants)**

61.     Mr. Stingley hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

62.    DEFENDANTS and DOES 1-50 violated 42 U.S.C. § 1986 by failing to meet their duty to prevent or aid in preventing the deprivation of Mr. Stingley's civil rights.

63.    Given that on account of Mr. Stingley's race, DEFENDANTS and DOES 1-50 conspired to demoted Mr. Stingley, place him on administrative leave, and harass him through baseless Internal Affairs investigations to interfere with his employment opportunity with the CHPD and beyond. DEFENDANTS and DOES 1-50 were readily aware that a Section 1985 violation was about to occur or was occurring, had the power to decide differently and prevent or aid in preventing it, and willfully neglected or refused to prevent or aid in preventing it.

64.    DEFENDANTS could have and should have refused (1) to single out one African American police officer by subjecting him to Internal Affairs investigations, (2) to retaliate against Mr. Stingley for exercising his freedom of speech, (3) to refuse to permit fellow officers to carry out said unlawful acts against Mr. Stingley, and/or attempt to appeal to superiors to take a different course of action.

65.    Additionally, DEFENDANT PARKER SEVER, when apprised of the adverse actions against of Mr. Stingley and the circumstances of his demotion and Internal Affairs investigations, particularly with having had personal knowledge of Mr. Stingley professional character, temperament and professionalism, should have refused pursuing to demote his employment, tarnish his reputation, and interfere with his ability to serve as a police officer. Mr. Stingley's demotion and administrative leave was not based upon unsatisfactory performance but more likely occurred on account of his race as a motivating factor.

66.    As a result of DEFENDANTS and DOES 1-50's conspiracy to discriminate against Mr. Stingley on account of his race and said Defendants failure to prevent its fruition, Mr. Stingley has suffered damages, including: damage to his personal and professional reputation; loss of earnings and earning capacity; psychological and emotional injury, past and future; and degradation, humiliation, mental anguish, suffering and embarrassment.

67.    Mr. Stingley is further informed and believes that the acts and/or omissions of DEFENDANTS and DOES 1-50 were intentional, malicious, oppressive and/or done with a conscious or callous disregard for Mr. Stingley's reputation and/or constitutional rights which thereby justifies an award of punitive or exemplary damages in amounts to be determined according to proof.

COMPLAINT FOR DAMAGES

1

2

**THIRD CAUSE OF ACTION**
**Retaliation For Exercising Free Speech**
**In Violation of 42 U.S.C. § 1983**
**(Against All Individual Defendants)**

3

4

68.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

5

6

69.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities

7

secured by the Constitution or laws of the United States shall be liable to the injured party.

8

9

70.    At all times herein relevant DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON, were acting under color of state law.

10

11

71.    The First Amendment of the United States Constitution states: "Congress shall make no law abridging the freedom of speech, or the press."  The First Amendment has been interpreted to apply

12

to all government organizations in the United States.  It applies to state and local governments through

13

operation of the Fourteenth Amendment Due Process Clause, which incorporates the free speech

14

protection of the First Amendment.

15

16

72.    Public employees have the right not to have the government restrict their speech on the basis of the speech's viewpoint. Such restrictions are rarely permitted.[1]  The rationale for prohibiting

17

suppression of public employee speech pertaining to matters of public interest is to protect employees

18

from their superiors who may exercise their authority because the superior disagrees with the content

19

of the employee's speech.[2]  The government must meet a high standard for restricting speech in a

20

public forum.

21

73.    The United States Supreme Court has developed a test to determine when First Amendment

22

protection attaches to a public employees' speech. A public employee's speech is protected if (1) The

23

speech is a matter of "public concern," (2) The employee spoke as a private citizen and not a public

24

employee (i.e., speech is not pursuant to "official duties"); and (3) The employee's speech interest

25

26

[1]  *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819, 829 (1995).

[2] "Vigilance is necessary to ensure that public employers do not use authority over employees to silence discourse, not because it hampers public functions but simply because superiors disagree with the content of employees' speech.

outweighs the agency's interest in efficiency and effectiveness. *Eng v. Cooley* 552 F.3d 1062, 1070-71 (9th Cir. 2009).

74.     Mr. Stingley's speech advocating against CHPD's racially insensitive and hostile work environment, as well as its custom and practice of discriminating against its employees of color in violation of the rights endowed by the US Constitution are clearly matters of public concern. Mr. Stingley held a deep seated concern for equality and justice to prevail in the criminal justice system and voiced such as a private citizen as speaking up against discrimination in the CHPD was not part of his job description or duties. Mr. Stingley's speech was directed to both CHPD's human resources department and his managers and was intended to inform HR and CHPD supervisory staff of the crisis comprising the discriminatory and hostile work environment existing in the Department. Mr. Stingley's speech sought to catalyze CHPD's supervisory staff to take immediate, affirmative and corrective action to protect the integrity of the CHPD. Mr. Stingley's speech was not about a personal workplace issue or a personal grievance, but about protecting equity and inclusion and anti-racial bias in the CHPD.

75.     DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON took adverse employment action against Mr. Stingley as herein alleged, including but not limited to, demoting his class rank. These adverse employment actions were such that a reasonable employee would have found them to be materially adverse and that they would have dissuaded a reasonable employee of CHPD from engaging in this protected speech activity.

76.     Mr. Stingley's speech was a substantial or motivating factor for the adverse employment actions taken against him by DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON.

77.     DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON violated civil rights laws under the US Constitution, 42 U.S.C. § 1983 when it failed to take steps to prevent these Defendants from taking these illegal actions when it had notice.

78.     Defendants' actions have caused and continue to cause Mr. Stingley substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss

of future earnings and benefits, costs of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

79.    As to DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON, the acts of these Respondents, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Mr. Stingley and to cause him mental anguish, anxiety, and distress.  Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Mr. Stingley and with the intent to injure, constituting oppression, fraud, and malice, entitling Mr. Stingley to punitive damages against these individual Defendants only.3

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**FOURTH CAUSE OF ACTION**
**Retaliation For Exercising Free Speech**
*Monell* **Action- Based on Official Policy, Practice or Custom**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

80.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

81.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

82.    To state a claim of retaliation under Section 1983, Mr. Stingley must allege: (1) that his conduct was protected by the Constitution; and (2) that the protected conduct was a substantial or motivating factor in any retaliatory acts taken by the state actor Defendants. *Pankey v. City of Concord*, 6-CV-03737-JCS, 2008 WL 793873, at * 9 (N.D. Cal. Mar. 24, 2008).

83.    Mr. Stingley's conduct was protected by the First Amendment of the United States Constitution as herein above alleged.  This protected conduct was a substantial or motivating factor in the adverse employment actions taken by Defendants.  Prior to his demotion, Mr. Stingley was a

---

3 https://www.sfgate.com/news/article/Jury-awards-1-6-million-in-discrimination-case-2867350.php

productive, well performing officer. Defendants, and each of them, were acting under of color of law at all times herein relevant.

84.     The acts of DEFENDANTS and DOES 1-50 deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth. DEFENDANTS and DOES 1-50 acted pursuant to an expressly adopted official policy, longstanding practice and custom of DEFENDANT CHPD of retaliating against employees who dared to speak up against unjust and defective working conditions.

85.     Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose.  Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the civil rights laws of the United States, 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully and intentionally retaliated against Mr. Stingley for his participation in statutorily protected activity.

86.     As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by Defendant CHPD.

87.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the CHPD, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

88.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

89.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

90.     The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

91.     Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

        Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

### FIFTH CAUSE OF ACTION
**Retaliation For Exercising Free Speech**
***Monell* Action- Based on Act of Final Policymaker**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

92.     Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

93.     Mr. Stingley's conduct was protected by the First Amendment of the United States Constitution as herein above alleged. This protected conduct was a substantial or motivating factor in the adverse employment actions taken by Defendants.  Prior to his termination, Mr. Stingley had received promotional opportunities and was a productive, well performing employee.

94.     DEFENDANT PARKER SEVER, acting in his official capacity, DEFENDANT JEFF DAVIS, acting in his official capacity, and DEFENDANT STEPHANIE HUDDLESTON, acting in her individual capacity, acted under of color of law at all times herein relevant. A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

95.     The acts of DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution, as herein set forth.

96.    DEFENDANT PARKER SEVER had final policymaking authority from DEFENDANT HANFORD POLICE DEPARTMENT concerning the acts herein alleged.

97.    When DEFENDANT SEVER engaged in these acts, he was acting as a final policymaker for DEFENDANT HANFORD POLICE DEPARTMENT.

98.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT CHPD.

99.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof. Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

100.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

101.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

102.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

103.    Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**SIXTH CAUSE OF ACTION**
**Retaliation For Exercising Free Speech**
***Monell* Action- Based On Ratification**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

104.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

105.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

106.    Mr. Stingley's conduct was protected by the First Amendment of the United States Constitution as herein above alleged.  This protected conduct was a substantial or motivating factor in the adverse employment actions taken by Defendants. Prior to his termination, Mr. Stingley had received promotional opportunities and was a productive, well performing employee.

107.    Defendants CHPD and DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON were acting under of color of law at all times herein relevant. A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

108.    The acts of Defendants CHPD and DEFENDANTS PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth.

109.    Defendant Sever had final policymaking authority from Defendant Hanford Police Department concerning the acts herein alleged.

COMPLAINT FOR DAMAGES
19

110.     When Defendant SEVER engaged in these illegal acts, he was acting as a final policymaker for Defendant Hanford Police Department.

111.     Defendants, and each of them, and their authorized policymaker superiors, ratified DEFENDANT SEVER'S conduct; and Defendant SEVER ratified the conduct of JEFF DAVIS, as herein alleged and the basis for them. Defendants, and each of them, knew of and specifically approved the managing employee's acts.

112.     As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by Defendant CHPD.

113.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing his usual activities, namely the full time position he had with the Defendant CHPD, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained, according to proof. Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

114.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

115.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

116.     The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions.  Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

117.   Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

## SEVENTH CAUSE OF ACTION
**Retaliation For Exercising Free Speech**
***Monell* Action- Based on Policy of Failure To Train or Supervise**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

118.   Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

119.   Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

120.   Mr. Stingley's conduct was protected by the First Amendment of the United States Constitution as herein above alleged.  This protected conduct was a substantial or motivating factor in the adverse employment actions taken by Defendants.  Prior to his termination, Mr. Stingley had received glowing reviews and was a productive, well performing employee.

121.   DEFENDANT SEVER, DAVIS, and HUDDLESTON were acting under of color of law at all times herein relevant. A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

122.   The acts of DEFENDANTS CHPD, PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth.

123.   '[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights.'[4]

---

[4] *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992), citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The policy of inaction must be a conscious or deliberate choice among various

124.   The training policies of Defendant CHPD were not adequate to train or supervise its employees to handle the usual and recurring situations with which they must deal.

125.   Defendant CHPD was deliberately indifferent to the obvious consequences of its failure to train its employees adequately.   DEFENDANT CHPD knew that its failure to train or supervise adequately made it highly predictable that its employees would engage in conduct that would deprive persons such as Mr. Stingley of his rights.

126.   The failure of Defendant CHPD to provide adequate training caused the deprivation of Mr. Stingley's rights by Defendants, and each of them; the Defendants' failure to train or supervise is so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused the ultimate injury.

127.   As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT Hanford Police Department.

128.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the Defendant CHPD, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.   Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

129.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

alternatives. *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir.2004).

130.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

131.     The conduct of individual Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

132.     Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

## EIGHTH CAUSE OF ACTION
**Wrongful Termination**
**In Violation of 14ᵗʰ Amendment Right to Property and Equal Protection**
***Monell* Action- Based on Official Policy, Practice or Custom**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

133.     Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

134.     Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

135.      Mr. Stingley engaged in the protected activity described above and incorporated it as though set forth here in full. Defendants CHPD, and Defendant SEVER, acting in his official capacity, acted under of color of law at all times herein relevant. The acts of Defendants, and each of them, deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth, and under the Fourteenth Amendment Right to Property and Equal Protection.

136.     DEFENDANTS' CITY OF HANFORD, CHPD,  SEVER, DAVIS, and HUDDLESTON acted pursuant to an expressly adopted official policy or a longstanding practice or custom of

DEFENDANT HANFORD POLICE DEPARTMENT of retaliating, discriminating and silencing any criticism of a failing administration, which has failed its employees, failed the children it is charged to protect and failed the people, the public and the taxpayers of Kings County and the state of California.

137.    The Defendants' acts, as herein alleged, were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

138.    Defendants wrongfully and retaliatorily terminated the employment of Mr. Stingley in violation of public policy, including the public policy boldly enumerated in Mr. Stingley's First Amendment Right to Free Speech, and his Fourteenth Amendment Right to his property, his earnings from his employment with the HANFORD POLICE DEPARTMENT, and to be free from retaliation by his government in the workplace.  Defendants terminated Mr. Stingley's employment by illegally intruding on his First Amendment Right to Free Speech as herein alleged, and Mr. Stingley's speech was a motivating factor in his demotion and placements on leave. Mr. Stingley was treated differently than other similarly situated HANFORD POLICE DEPARTMENT employees in violation of his Fourteenth Amendment right of equal protection.

139.    Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose. Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, including a violating of 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully and intentionally retaliated against Mr. Stingley by terminating his employment for his participation in statutorily protected activity.

140.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-

economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in each and every retaliatory act taken by DEFENDANT HANFORD POLICE DEPARTMENT.

141.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

142.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

143.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

144.   The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions.  Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

145.   Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**<u>NINTH CAUSE OF ACTION</u>**
**Wrongful Termination**
**In Violation of 14th Amendment Right To Property and Equal Protection**
***Monell* Action- Based on Act of Final Policymaker**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

146.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

147.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

148.    Mr. Stingley engaged in the protected activity described above and incorporates such as though set forth here in full. DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER, JEFF DAVIS, and STEPHANIE HUDDLESTON, acted under of color of law at all times herein relevant.  A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

149.    The acts of Defendants, and each of them, deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth.

150.    Defendant Sever was acting as the final policymaker, with final policymaking authority from DEFENDANT HANFORD POLICE DEPARTMENT concerning these illegal acts herein alleged and carried out these illegal acts with deliberate indifference to Mr. Stingley's constitutional rights, including his First, Fourth and Fourteenth Amendment Rights.

151.    The acts as herein alleged of Defendants were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

152.    Defendants wrongfully and retaliatory terminated the employment of Mr. Stingley in violation of public policy which provides for Mr. Stingley's right to free speech, to maintain his property right in his employment with the HANFORD POLICE DEPARTMENT, and to be free from retaliation in the workplace.  Defendants terminated Mr. Stingley's employment by illegally intruding on his First Amendment Right to Free Speech and Fourth Amendment Right of Due Process as herein alleged, and Mr. Stingley's speech was a motivating factor in his termination. Mr. Stingley was treated differently than other similarly situated HANFORD POLICE DEPARTMENT employees, in violation of his Fourteenth Amendment right of equal protection.

153.    Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose. Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully and intentionally retaliated against Mr. Stingley for his participation in statutorily protected activity.

154.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by Defendant HANFORD POLICE DEPARTMENT.

155.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the Defendant HANFORD POLICE DEPARTMENT , causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

156.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

157.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

158.    The conduct of individual Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions.  Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

159.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**TENTH CAUSE OF ACTION**
**Wrongful Termination**
**In Violation of 14th Amendment Right To Property and Equal Protection**
***Monell* Action-Based on Ratification**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

160.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

161.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

162.     Mr. Stingley engaged in the protected activity described above and incorporated as though set forth here in full. DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER, acting in his official capacity, and DEFENDANT HUDDLESTON acting in her individual capacity, acted under of color of law at all times herein relevant.  A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

163.    The acts of DEFENDANTS HANFORD POLICE DEPARTMENT, SEVER, and HUDDLESTON deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth.

164.    DEFENDANT PARKER SEVER was acting as the final policymaker, with final policymaking authority from DEFENDANT HANFORD POLICE DEPARTMENT concerning the illegal acts herein alleged and carried out these illegal acts with deliberate indifference to Mr. Stingley's constitutional rights, including his First, Fourth, and Fourteenth Amendment Rights.

165.   Defendants, and each of them, and their authorized policymaker superiors, ratified DEFENDANT SEVER and HUDDLESTON'S illegal acts as herein alleged. DEFENDANTS, and each of them, knew of and specifically approved of the managing agents and employee's illegal acts.

166.   The acts as herein alleged of DEFENDANTS were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

167.   Defendants wrongfully and retaliatorily terminated the employment of Mr. Stingley in violation of public policy which provides for Mr. Stingley's right to free speech, to maintain his property right in his employment with the HANFORD POLICE DEPARTMENT, and to be free from retaliation in the workplace. DEFENDANTS terminated Mr. Stingley's employment by illegally intruding on his First Amendment Right to Free Speech and Fourth Amendment Right of Due Process as herein alleged, and Mr. Stingley's speech was a motivating factor in his termination. Mr. Stingley was treated differently than other similarly situated HANFORD POLICE DEPARTMENT employees in violation of his Fourteenth Amendment right of equal protection.

168.   Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose.  Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully and intentionally retaliated against Mr. Stingley for his participation in statutorily protected activity.

169.   As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by Defendant HANFORD POLICE DEPARTMENT.

170.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities,

namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

171.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

172.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

173.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

174.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

## ELEVENTH CAUSE OF ACTION
### Wrongful Termination
### In Violation of 14th Amendment Right To Property and Equal Protection
### *Monell* Action- Based on Policy of Failure To Train or Supervise
### In Violation of 42 U.S.C. § 1983
### (Against All Defendants)

175.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

176.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

177.   Mr. Stingley engaged in the protected activity described above and incorporated as though set forth here in full.

178.   DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER acting in his official capacity, and STEPHANIE HUDDLESTON acting in her individual capacity, acted under of color of law at all times herein relevant.  A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

179.   The acts of DEFENDANTS HANFORD POLICE DEPARTMENT, SEVER, and HUDDLESTON deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth.

180.   "[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights."[5]

181.   The training policies of DEFENDANT HANFORD POLICE DEPARTMENT were not adequate to train or supervise its employees to handle the usual and recurring situations with which they must deal.

182.   DEFENDANT HANFORD POLICE DEPARTMENT was deliberately indifferent to the obvious consequences of its failure to train its employees adequately. DEFENDANT HANFORD POLICE DEPARTMENT knew that its failure to train or supervise adequately made it highly predictable that its employees would engage in conduct that would deprive persons such as Mr. Stingley of his rights.

183.   The failure of DEFENDANT HANFORD POLICE DEPARTMENT to provide adequate training caused the deprivation of Mr. Stingley's rights by Defendants, and each of them; the Defendants' failure to train or supervise is so closely related to the deprivation of the Mr. Stingley's rights as to be the moving force that caused the ultimate injury.

---

[5] *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992), citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The policy of inaction must be a conscious or deliberate choice among various alternatives. *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir.2004).

184.    The acts of Defendants as herein alleged were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

185.    Defendants wrongfully and retaliatory terminated the employment of Mr. Stingley in violation of public policy which provides for Mr. Stingley's right to free speech, to maintain his property right in his employment with the Hanford Police Department, and to be free from retaliation in the workplace. Defendants terminated his employment as a result of illegally intruding on his First Amendment Right to Free Speech and Fourth Amendment Right of Due Process as herein alleged, Mr. Stingley's speech was a motivating factor in his employment termination.

186.    Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose.  Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983. Defendants, while acting under color of state authority and law, wrongfully and intentionally retaliated against Mr. Stingley for his participation in statutorily protected activity.

187.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by Defendant HANFORD POLICE DEPARTMENT.

188.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the Defendant HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together

1
2
with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

3
4
189.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

5
6
190.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

7
8
9
10
191.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

11
12
13
192.    Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

14
Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

15
16
17
18
**TWELFTH CAUSE OF ACTION**
**Wrongful Termination**
**In Violation of 14th Amendment Right To Due Process, Skelly**
***Monell* Action- Based on Official Policy, Practice or Custom**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

19
20
193.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

21
22
194.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

23
24
25
26
195.    The United States Constitution provides: "nor shall any State shall deprive any person of life, liberty, or property without due process of law."  The Right To Due Process includes a *Skelly* Right, the Due Process Right of notice to a public employee of an intended disciplinary action.  This right includes the right to obtain a copy of the materials on which the action is based, and an opportunity

to respond orally or in writing to an impartial reviewed prior to discipline being imposed.[6] The Fourteenth Amendment Right to Due Process include the right to be free of governmental fabricated, false and concocted evidence to support adverse employment action, such as termination of Mr. Stingley's employment. Defendants, and each of them, diligently searched for evidence against Mr. Stingley to support their rushed action to terminate his employment to cover-up Defendants' malfeasance. Defendants, and each of them provided sham investigations and performance supported with fabricated, false and concocted evidence. False evidence cannot and does not support the required Fourteenth Amendment Right of Due Process.

196.    Mr. Stingley engaged in the protected activity described above and incorporated as though set forth here in full. Mr. Stingley was summarily terminated and not provided with all of his Constitutional Rights to Due Process.

197.    Defendants HANFORD POLICE DEPARTMENT, PARKER SEVER, acting in his official capacity, and STEPHANIE HUDDLESTON acting in her individual capacity, acted under of color of law at all times herein relevant.

198.    The acts of Defendants, and each of them, deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth, and under the Fourteenth Amendment Right to Due Process, including but not limited to his *Skelly* rights.

199.    DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER and STEPHANIE HUDDLESTON acted pursuant to an expressly adopted official policy and a longstanding practice and custom of DEFENDANT HANFORD POLICE DEPARTMENT of retaliating against employees who dared to speak up against unjust and defective working conditions.

200.    The acts as herein alleged of Defendants were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

201.    Defendants wrongfully and retaliatory terminated the employment of Mr. Stingley in violation of public policy which provides for Mr. Stingley's right to Due Process, to maintain his property right

---

[6] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194

in his employment with HANFORD POLICE DEPARTMENT, and to be free from retaliation in the workplace. Defendants terminated Mr. Stingley's employment by illegally intruding on his First Amendment Right to Free Speech and Fourth Amendment Right of Due Process as herein alleged. Mr. Stingley's speech was a motivating factor in his demotion and administrative leave Mr. Stingley was treated differently than other similarly situated HANFORD POLICE DEPARTMENT employees in violation of his Fourteenth Amendment right of equal protection. Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose.

202.   DEFENDANTS' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983. Defendants, while acting under color of state authority and law, wrongfully and intentionally failed to provide Mr. Stingley with his Right to Due Process.

203.   As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT HANFORD POLICE DEPARTMENT.

204.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof. Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

205.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

206.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

207.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

208.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

### THIRTEENTH CAUSE OF ACTION
**Wrongful Termination**
**In Violation of 14th Amendment Right To Due Process, Skelly**
***Monell* Action- Based on Act of Final Policymaker**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

209.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

210.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

211.    The United States Constitution provides: "nor shall any State shall deprive any person of life, liberty, or property without due process of law."  The Right to Due Process includes a Skelly Right, the Due Process Right of notice to a public employee of an intended disciplinary action.  This right includes the right to obtain a copy of the materials on which the action is based, and an opportunity to respond orally or in writing to an impartial reviewed prior to discipline being imposed.7   The

---

[7] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194

Fourteenth Amendment Right to Due Process includes the right to be free of governmental fabricated, false and concocted evidence to support adverse employment action, such as termination of Mr. Stingley's employment.

212.     Mr. Stingley engaged in the protected activity described above and incorporated as though set forth here in full. Mr. Stingley was summarily terminated and not provided with all of his Constitutional Rights to Due Process.

213.     DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER, acting in his official capacity, and STEPHANIE HUDDLESTON acting in her individual capacity, acted under of color of law at all times herein relevant.

214.     The acts of Defendants, and each of them, deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth, and under the Fourteenth Amendment Right to Due Process including but not limited to his Skelly rights.

215.     DEFENDANT PARKER SEVER final policymaking authority, and was acting as the final policymaker for Defendant HANFORD POLICE DEPARTMENT concerning these illegal acts herein alleged.

216.     The acts as herein alleged of Defendants were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

217.     Defendants wrongfully and retaliatory terminated the employment of Mr. Stingley in violation of public policy which provides for Mr. Stingley's right to Due Process, to maintain his property right in his employment with HANFORD POLICE DEPARTMENT, and to be free from retaliation in the workplace. Defendants terminated his employment as a result of illegally intruding on his First Amendment Right to Free Speech and Fourth Amendment Right of Due Process as herein alleged. Mr. Stingley's speech was a motivating factor in his employment termination.

218.     Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose.  Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully

and intentionally terminated Mr. Stingley without providing the constitutionally required Due Process.

219.   As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT HANFORD POLICE DEPARTMENT.

220.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

221.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

222.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

223.   The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

224.   As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

COMPLAINT FOR DAMAGES
38

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**FOURTEENTH CAUSE OF ACTION**
**Wrongful Termination**
**In Violation of 14th Amendment Right To Due Process, Skelly**
*Monell* **Action- Based on Ratification**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

225.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

226.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

227.    The United States Constitution provides: "nor shall any State shall deprive any person of life, liberty, or property without due process of law."  The Right to Due Process includes a *Skelly* Right, the Due Process Right of notice to a public employee of an intended disciplinary action. This right includes the right to obtain a copy of the materials on which the action is based, and an opportunity to respond orally or in writing to an impartial reviewed prior to discipline being imposed.[8] The Fourteenth Amendment Right to Due Process includes the right to be free of governmental fabricated, false and concocted evidence to support adverse employment action, such as termination of Mr. Stingley's employment.

228.    Mr. Stingley engaged in the protected activity described above and incorporated as though set forth here in full. Mr. Stingley was summarily terminated and not provided with all of his Constitutional Rights to Due Process.

229.    DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER, acting in his official capacity, and STEPHANIE HUDDLESTON acting in her individual capacity, acted under of color of law at all times herein relevant.

230.    The acts of Defendants, and each of them, deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth, and under the

---

[8]  *Skelly v. State Personnel Board,* (1975) 15 Cal.3d 194

Fourteenth Amendment Right to Due Process including but not limited to his Skelly rights. The Fourteenth Amendment Right to Due Process include the right to be free of governmental fabricated, false and concocted evidence to support adverse employment action, such as termination of Mr. Stingley's employment.

231.   Defendant Sever had final policymaking authority from Defendant COUNTY and was acting as final policymaker for Defendant HANFORD POLICE DEPARTMENT.

232.   When DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON engaged in these acts, Defendants, and each of them, and their authorized policymaker superiors, ratified each Defendant's conduct as herein alleged and the basis for them, and Defendants, and each of them, knew of and specifically approved of the managing agents and employee's acts.

233.   The acts as herein alleged of Defendants were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

234.   Defendants wrongfully and retaliatory terminated the employment of Mr. Stingley in violation of public policy, which provides for Mr. Stingley's right to Due Process, to maintain his property right in his employment with the HANFORD POLICE DEPARTMENT, and to be free from retaliation in the workplace. Defendants terminated his employment as a result of illegally intruding on his First Amendment Right to Free Speech and Fourth Amendment Right of Due Process as herein alleged. Mr. Stingley's speech was a motivating factor in his termination.

235.   Mr. Stingley was treated differently than other similarly situated HANFORD POLICE DEPARTMENT employees.

236.   Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose.  Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully and intentionally failed to provide Mr. Stingley with his Due Process Rights and retaliated against Mr. Stingley for his participation in statutorily protected activity.

237.     As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by Defendant HANFORD POLICE DEPARTMENT.

238.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the Defendant HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

239.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

240.     As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

241.     The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

242.     Finally, as a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

        Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

1
2
3
4

**FIFTHTEENTH CAUSE OF ACTION**
**Wrongful Termination**
**In Violation of 14ᵗʰ Amendment Right to Due Process, Skelly**
***Monell* Action- Based on Policy of Failure to Train or Supervise**
**In Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

5
6

243.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

7
8
9

244.    Mr. Stingley brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

10
11
12
13
14
15
16
17

245.    The United States Constitution provides: "nor shall any State shall deprive any person of life, liberty, or property without due process of law."  The Right To Due Process includes a Skelly Right, the Due Process Right of notice to a public employee of an intended disciplinary action. This right includes the right to obtain a copy of the materials on which the action is based, and an opportunity to respond orally or in writing to an impartial reviewed prior to discipline being imposed.[9] The Fourteenth Amendment Right to Due Process include the right to be free of governmental fabricated, false and concocted evidence to support adverse employment action, such as termination of Mr. Stingley's employment.

18
19
20
21
22
23

246.    Mr. Stingley engaged in the protected activity described above and incorporated as though set forth here in full. Mr. Stingley was summarily terminated and not provided with all of his Constitutional Rights to Due Process. Defendants, and each of them, diligently searched for evidence against Mr. Stingley to support their rushed action to terminate his employment to cover-up Defendants' malfeasance. Defendants, and each of them, provided sham investigations and a 360 Performance Evaluation supported with fabricated, false and concocted evidence. False evidence cannot and does not support the required Fourteenth Amendment Right of Due Process.

24
25
26

---

[9] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194

247.    DEFENDANTS HANFORD POLICE DEPARTMENT, PARKER SEVER, acting in his official capacity, and STEPHANIE HUDDLESTON, acting in her individual capacity, acted under of color of law at all times herein relevant.

248.    The acts of Defendants, and each of them, deprived Mr. Stingley of his particular rights under the laws of the United States and the United States Constitution as herein set forth, and under the Fourteenth Amendment Right to Due Process including but not limited to his Skelly rights. The Fourteenth Amendment Right to Due Process includes the right to be free of governmentally fabricated, false and concocted evidence to support adverse employment action, such as termination of Mr. Stingley's employment.

249.    '[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights.'[10]

250.    The training policies of DEFENDANT HANFORD POLICE DEPARTMENT were not adequate to train or supervise its employees to handle the usual and recurring situations with which they must deal.

251.    DEFENDANT HANFORD POLICE DEPARTMENT was deliberately indifferent to the obvious consequences of its failure to train its employees adequately. DEFENDANT HANFORD POLICE DEPARTMENT knew that its failure to train or supervise adequately made it highly predictable that its employees would engage in conduct that would deprive persons such as Mr. Stingley of his rights.

252.    The failure of DEFENDANT HANFORD POLICE DEPARTMENT to provide adequate training caused the deprivation of Mr. Stingley's rights by Defendants, and each of them; the Defendants' failure to train or supervise is so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused the ultimate injury.

---

[10] *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992), citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The policy of inaction must be a conscious or deliberate choice among various alternatives. Berry v. Baca, 379 F.3d 764, 767 (9th Cir.2004).

253.    The acts of Defendants as herein alleged were so closely related to the deprivation of Mr. Stingley's rights as to be the moving force that caused Mr. Stingley's ultimate injuries as herein alleged.

254.    Defendants wrongfully and retaliatorily terminated the employment of Mr. Stingley in violation of public policy which provides for Mr. Stingley's right to Due Process, to maintain his property right in his employment with HANFORD POLICE DEPARTMENT, and to be free from retaliation in the workplace. Defendants terminated his employment as a result of illegally intruding on his Fourth Amendment Right to Due Process as herein alleged, which was a motivating factor in his termination.

255.    Mr. Stingley was treated differently than other similarly situated HANFORD POLICE DEPARTMENT employees.

256.    Defendants' adverse employment actions against Mr. Stingley as herein alleged were unprivileged, unlawful, and without a business purpose. Defendants' actions and failures as alleged herein constitute a pattern, practice and custom of violations of the Civil Rights Laws of the United States, 42 U.S.C. § 1983.  Defendants, while acting under color of state authority and law, wrongfully and intentionally retaliated against Mr. Stingley for his participation in statutorily protected activity and failed to provide Mr. Stingley with his Constitutional rights to Due Process.

257.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages.

258.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an

amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT HANFORD POLICE DEPARTMENT.

259.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

260.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

261.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

262.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**STATE CLAIMS**

### SIXTEENTH CAUSE OF ACTION
**Violation of California Government Code § 8547**
**Whistleblower Protection Act**
**(Against Defendants Employer)**

263.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

264.    The "California Whistleblower Protection Act, California Government Code section 8547 et seq. provides: "The Legislature finds and declares that state employees should be free to report waste, fraud, abuse of authority, violation of law, or threat to public health without fear of retribution.   The Legislature further finds and declares that public servants best serve the citizenry when they can be

candid and honest without reservation in conducting the people's business. ""Employee" means an individual appointed … employed or holding office in a state agency."

265.    (b) "Illegal order" means a directive to violate or assist in violating a federal, state, or local law, rule, or regulation, or an order to work or cause others to work in conditions outside of their line of duty that would unreasonably threaten the health or safety of employees or the public

266.    "(c)  "Improper governmental activity" means an activity by a state agency or by an employee that is undertaken in the performance of the employee's duties, undertaken inside a state office, or, if undertaken outside a state office by the employee, directly relates to state government, whether or not that activity is within the scope of his or her employment, and that (1) is in violation of any state or federal law or regulation, including, but not limited to, corruption, malfeasance, bribery, theft of government property, fraudulent claims, fraud, coercion, conversion, malicious prosecution, misuse of government property, or willful omission to perform duty".

267.    "8547.8(b) "Any person who intentionally engages in acts of reprisal, retaliation, threat, coercion, or similar acts against a state employee… for having made a protected disclosure, is subject to fine not to exceed ten thousand dollars…".

268.    Mr. Stingley was at all times considered a state employee. Mr. Stingley exercised his right to voice concerns regarding improper government activity in the Hanford Police Department office. DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON conducted illegal orders by conducting baseless Internal Affairs investigations and the adverse employment action of demotion of Mr. Stingley's employment, based on his engagement in free speech protected by the United States Constitution and the California Constitution as herein above alleged was unlawful and in violation of California Government Code § 8547. Defendant 's internal investigations were illegal orders, intended to conceal the gross "malfeasance" and "willful omission to perform duty" by these managing agent Defendants who allowed this systemic, unremedied failure to occur. DEFENDANT SEVER and HUDDLESTON'S illegal orders were an "abuse of authority and violation of law". Demoting Mr. Stingley's employment immediately after initiating a complaint, was a retaliatory act, was a retaliatory act and illegal order in violation of California Whistleblower's Protection Act. Gov. Code. § 8547, et seq.

269.   As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages.

270.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT , causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

271.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

272.   As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT HANFORD POLICE DEPARTMENT.

273.   The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

274.   As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

COMPLAINT FOR DAMAGES
47

**SEVENTEENTH CAUSE OF ACTION**
**Retaliation**
**In Violation of California Labor Code § 1102.5**
**(Against Defendant Employer)**

275.     Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

276.     California Labor Code § 1101.5 states: "1102.5 (a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

277.     Defendants, and each of them, violated Labor Code Section 1102.5 by retaliating against Mr. Stingley by concocting a baseless Internal Affairs Investigations and administrative leave and demoting his employment simply because he voiced concerns of a structural failure within the office and hostile work environment to the persons with authority to correct the violations and noncompliance. Instead of focusing on fixing the failure, Defendants, and each of them, focused their attention on retaliating against Mr. Stingley. Mr. Stingley engaged in activity protected by Labor

Code § 1102.5 as herein above alleged.  Defendants knew that Mr. Stingley engaged in this protected activity. Defendants discriminated and retaliated against Mr. Stingley because he engaged in this protected activity.

278.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages.

279.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

280.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

281.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof.

282.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions.  Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

283.    As to DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON, the acts of these Defendants as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Mr. Stingley and to cause him mental anguish, anxiety, and

distress.  Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Mr. Stingley and with the intent to injure, constituting oppression, fraud, and malice, entitling Mr. Stingley to punitive damages against these individual Defendants only. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT HANFORD POLICE DEPARTMENT.

284.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**EIGHTEENTH CAUSE OF ACTION**
**Negligence**
**California Government Code § 815.2**
**(Against All Defendants)**

285.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

286.    A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

287.    DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON, at all relevant times, were engaged in ministerial duties and decisions, carrying out the normal day-to-day operations of Defendant HANFORD POLICE DEPARTMENT when they engaged in the negligent actions towards Mr. Stingley as herein alleged.

288.    DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON were negligent in implementing all adverse actions against Mr. Stingley as herein above alleged.  A reasonably prudent, properly trained and supervised manager would not violate the Constitutional and other rights of Mr. Stingley as herein alleged. Mr. Stingley lawfully engaged in his right to protected political speech and his summary termination, without due process and in violation of his Skelly rights constitutes negligence.

289.    DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON, at all relevant times, were engaged in ministerial duties and decisions, carrying out the normal day-to-day operations of DEFENDANT HANFORD POLICE DEPARTMENT when they engaged in these actions.  At no relevant time were Defendants engaged in quasi-legislative or legislative policy-making such that immunity would attach for these intentional, illegal and despicable acts.

290.    As a direct and proximate result of Defendants' actions, Mr. Stingley was caused to suffer the serious harms as herein alleged.

291.    Defendants' negligence was a substantial factor in causing Mr. Stingley's harm.

292.    As a legal result of the above described conduct of Defendants, and each of them, Mr. Stingley has sustained and will continue to sustain physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation, and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to his good name, reputation, standing in the community and other non-economic damages.

293.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley was hindered, prevented and precluded from performing Mr. Stingley's usual activities, namely the full time position he had with the DEFENDANT HANFORD POLICE DEPARTMENT, causing Mr. Stingley to sustain damages for loss of income, wages, earnings, and earning capacity, pension contributions and credit time for working, benefits, and other economic damages, in an amount to be ascertained according to proof.  Mr. Stingley claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

294.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley suffered incidental, consequential and special damages in an amount according to proof.

295.    As a further legal result of the above-described conduct of Defendants, and each of them, Mr. Stingley has and will continue to incur attorney's fees and costs in an amount according to proof. Mr. Stingley's protected conduct was a substantial or motivating factor in any retaliatory acts taken by DEFENDANT HANFORD POLICE DEPARTMENT.

296.    The conduct of Defendants and their agents and employees as described herein was malicious, oppressive, and done with a willful and conscious disregard for Mr. Stingley's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants.

297.    As to DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON, the acts of these Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Mr. Stingley and to cause him mental anguish, anxiety, and distress.  Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Mr. Stingley and with the intent to injure, constituting oppression, fraud, and malice, entitling Mr. Stingley to all statutory damages against these individual Defendants only.

298.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

### NINETEENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against All Individual Defendants)**

299.    Mr. Stingley incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

300.    DEFENDANT PARKER and DEFENDANT STEPHANIE HUDDLESTON'S intentional, willful and malicious conduct as herein alleged was extreme and outrageous and should not be tolerated in our civilized society. Defendants fabricated evidence, defamed Mr. Stingley and engineered his employment termination solely to protect their own careers and interests.

301.    As to DEFENDANTS PARKER SEVER and STEPHANIE HUDDLESTON, the acts of these Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Mr. Stingley and to cause him mental anguish, anxiety, and distress. Defendants' acts were done in conscious disregard of the risk of severe emotional harm to

Mr. Stingley and with the intent to injure, constituting oppression, fraud, and malice, entitling Mr. Stingley to punitive damages against these individual Defendants only.

302. As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Mr. Stingley has suffered stress-related health consequences. Mr. Stingley claims general damages for such health problems in an amount to be proven at time of trial.

Wherefore, Mr. Stingley prays for judgment as more fully set forth below.

**PRAYER FOR RELIEF**

Wherefore, Mr. Stingley prays for judgment against Defendants and each of them as follows:

1. For general damages including pain, mental and emotional distress, fear, humiliation, damage to career, damage to self-image, spiritual injury and suffering in an amount of $12,000,000 or according to proof;
2. For special damages in an amount according to proof;
3. For prejudgment and post judgment interest in an amount according to proof;
4. For reasonable attorney's fees and cost of suit therein;
5. For punitive damages against the individual Defendants only in the amount of $3,000,000 as to each Defendant, or according to proof of the net worth of each Defendant;
6. For statutory penalties and any other statutory relief;
7. For such other and further relief as the court may deem proper;
8. Mr. Stingley hereby demands a trial by jury.

**JURY TRIAL DEMANDED.**

DATED: January 20, 2023 **LAW OFFICES OF BONNER AND BONNER**

*/s/ Charles A. Bonner*
CHARLES A. BONNER
ATTORNEY FOR JASON STINGLEY