MARIO U. ZAMORA, #258721
CHRISTINA G. Di FILIPPO, #327255
GRISWOLD, LaSALLE, COBB,
    DOWD & GIN, L.L.P.
111 E. Seventh Street
Hanford, CA 93230
Telephone: (559) 584-6656
Facsimile: (559) 582-3106
E-mails: zamora@griswoldlasalle.com; difilippo@griswoldlasalle.com
Attorneys for: Defendants, City of Hanford, Hanford Police Department, Parker Sever, Jeff Davis, Stephanie Huddleston

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON STINGLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF HANFORD, CITY OF HANFORD POLICE DEPARTMENT, PARKER SEVER, in his individual capacity; JEFF DAVIS, in his individual capacity; STEPHANIE HUDDLESTON, in her individual capacity; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>    Defendants. | Case No.: 1:23-cv-00089-BAM<br><br>**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**<br><br><br>Date:   June 16, 2023<br>Time:  9:00 a.m.<br>Dept.:  8 |

    Defendants CITY OF HANFORD ("City"), CITY OF HANFORD POLICE DEPARTMENT ("Police"), PARKER SEVER, JEFF DAVIS, AND STEPHANIE HUDDLESTON (collectively "Defendants") move under Federal Rule of Civil Procedure 12(e) to require Plaintiff JASON STINGLEY ("Plaintiff") to amend the complaint to provide a more definite statement of Plaintiffs claims, as hereafter more fully set forth.

## I.   STATEMENT OF THE CASE

    This matter arises out of Plaintiff's former employment with the Hanford Police Department. Plaintiff was a police officer with the City of Hanford Police Department from approximately 2006 through 2021. (First Amended Complaint ("Complaint") ¶37.) On March 7, 2023 Plaintiff filed his First Amended Complaint alleging nineteen causes of action against

1

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

Defendants including violations of 42 U.S.C. §1983, California Government Code §8547 & 815.2, California Labor Code §112.5, and Intentional Infliction of Emotional Distress. Defendants now file this Motion for a More Definite Statement to address the unintelligible and vague nature of the Complaint in order to be afforded the ability to provide a proper response.

## II. LEGAL STANDARD

A party may move for a more definite statement of a pleading to which a responsive pleadings is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. (Fed. Rule Civ. Pro. 12(e).) The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. (Id.; *Lunger v. Witt* (2015) U.S. Dist. LEXIS 95042; *Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 FRD. 575,578.) A motion for a more definite statement pursuant to Rule 12(e) attacks the intelligibility of the complaint, not simply the mere lack of detail. (*Neveau v. City of Fresno* (N.D. Cal 2005) 392 F. Supp. 2d 1559; *Bureerong v. Uvawas* (1996) 922 F. Supp. 1450, 1461.) Such motions should be granted where a complaint is so vague or ambiguous that the opposing party cannot response, even with a simple denial, in good faith or without prejudice to himself. (*Delta Educ., Inc. v. Langlois* (1989) 719 F. Supp. 42, 50.)

## III. CONTENT OF WHICH MORE DEFINITE STATEMENT IS NEEDED

1. Plaintiff alleges that he was subject to an employment demotion by the Hanford Police Department. (Complaint ¶¶10, 36, 46, 51.) However, the date on which Plaintiff alleges that demotion took place is unintelligible based on the Complaint itself. Plaintiff clearly states in Paragraph 10, that the demotion occurred on October 21, 2020. (Complaint ¶10.) This date is consistent with Defendants' belief based on City records of Plaintiff's demotion. Further, Plaintiff states that his attempt to contest his demotion was denied on February 11, 2021, four months after the alleged demotion date, supporting the demotion date of October 21, 2020. (Complaint ¶53.) However, Plaintiff goes on to assert three separate times within his Complaint, that the demotion occurred in October of 2021. (Complaint ¶36, 46, 51.)

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

2

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

1. Defendants believe that Plaintiff is mistaken in asserting the demotion date was in October 2021. The alleged demotion is the basis of his claims against Defendants. It is completely unclear on the face of the Complaint, when the Plaintiff alleges the demotion occurred. The timing of the alleged adverse employment action is vital in Defendants' assessment of proper responses, including the possibility of a Motion to Dismiss based on a failure to file timely per the statute of limitations. As such, the allegations in Paragraphs, 10, 36, 46, 51, and 53 are unintelligible to the extent they provide contradicting dates of occurrence, making it impossible for Defendant to respond in a meaningful manner, which may include the applicability of time-based defenses. Defendants request the court order Plaintiff to make a more definite statement as to when the demotion occurred to provide clarity.

   If the Court does not require a more definite statement, Defendants would not be able to simply deny the allegations without prejudice. (*Delta Educ., Inc. v. Langlois* (1989) 719 F. Supp. 42, 50.) A mere denial would be prejudicial because the City would be required to engage in costly discovery of both staff time and attorney fees, only to then be forced to file a summary judgment motion, taking up the Court's time, for something that can be resolved at the outset of the case.

2. Plaintiff's complaint alleges Plaintiff was instructed by Defendant Parker Sever to get on his knees on a street corner so that a staged arrest could take place. (Complaint ¶2.) Plaintiff fails to state the date on which this event occurred, but instead merely states that it occurred "On one occasion," which no other context given as to the time frame. As such this allegation fails to include necessary information to allow for Defendant to properly respond in a timely and meaningful manner, including the possibility of an untimely claim. Defendants request the court order Plaintiff to make a more definite statement as to when the alleged action took place.

3. Plaintiff's Complaint alleges Defendants failed to investigate Plaintiff's complaint regarding Defendant Jeff Davis's use of the "N" word when arresting an African American Juvenile. (Complaint ¶4.) Plaintiff further alleges that Defendant Jeff Davis called Plaintiff "Uncle Tom" in front of entire department and displayed a noose in the workplace. (Complaint ¶5.)

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

3

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

Plaintiff's allegations are vague in that they fail to state any sort of time frame as to when this actions allegedly occurred, directly affecting Defendants' ability to properly respond. In order to assess the applicability of a statute of limitations defense, particularity of time of occurrence is necessary. Defendants request the court order Plaintiff to make a more definite statement as to when the alleged statements occurred.

4. Plaintiff claims to have spoken out on several occasions regarding concerns regarding a hostile and discriminatory work environment. (Complaint ¶¶39, 44.) Plaintiff's allegations are vague in that they fail to state any sort of time frame as to when this actions allegedly occurred, directly affecting Defendants' ability to properly respond. In order to assess the applicability of certain defenses, particularity of time of occurrence is necessary. Further, Plaintiff's allegations are vague in that they fail to specify to whom he made his alleged complaints. Defendants request the court order Plaintiff to make a more definite statement as to when the alleged complaints were made by Plaintiff and to whom he complained to.

5. Plaintiff alleges that various racial and derogatory comments and actions were committed by several Defendants including epithets, name calling, and displaying of a noose. (Complaint ¶¶40-43.) These allegations are vague in that they fail to state when these particular actions occurred, who was present, and where the actions took place. This missing information is vital to the Defendants' ability to properly respond. In order to assess he applicability of certain defenses, particularity of time and location of occurrence is necessary. Defendants request the court order Plaintiff to make a more definite statement as to when the comments/actions occurred, who was present, and where the actions took place.

## IV.   CONCLUSION

Due to the vague and unintelligible nature of Plaintiff's Complaint, Defendants respectfully request that the court order the Plaintiff to provide a more definite statement of its pleading. Specifically, Defendants requests that Plaintiff be required to amend their Complaint to include (1) clarity on Plaintiffs alleged date of demotion (Complaint ¶¶10, 36, 46, 51.), (2) date as to allegations regarding Plaintiff being asked to kneel on the sidewalk during a

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

4

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

demonstration (Complaint ¶2.), (3) date of alleged comments made by Defendant Jeff Davis and display of noose (Complaint ¶¶4-5.), (4) dates of alleged complaints made by Plaintiff and to whom complaints where made (Complaint ¶¶39, 44.), and (5) date, location and individuals present for various racial and derogatory comments and actions alleged (Complaint ¶¶40-43.) Defendants make this request in order to ascertain proper response which made include defenses based on timeliness. Without a more definite statement by Plaintiff addressing the above, Defendants cannot in good faith confirm or deny said claims and will be unable to properly defend these claims and would be prejudicial because the City would be required to engage in costly discovery of both staff time and attorney fees, only to then be forced to file a summary judgment motion, taking up the Court's time, for something that can be resolved at the outset of the case. Therefore, Defendants respectfully request the court order Plaintiff to provide a more definite statement.

Dated: May 10, 2023

GRISWOLD, LaSALLE, COBB,
DOWD & GIN, L.L.P.

By: /s/ Christina G. Di Filippo
CHRISTINA G. Di FILIPPO
Attorneys for: Defendants, City of Hanford, Hanford Police Department, Parker Sever, Jeff Davis, Stephanie Huddleston

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

5

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2023, a copy of the foregoing was electronically filed using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record who are deemed to have consented to electronic service:

| | |
|---|---|
| Charles A. Bonner, cbonner799@aol.com<br>A. Cabral Bonner, cabral@bonnerlaw.com<br>Law Offices of Bonner & Bonner | *Attorneys for Plaintiffs* |

By:  \_\_\_\_\_/s/ Sarah Valencia_____
         SARAH VALENCIA

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

6

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**