CHARLES A. BONNER, ESQ. SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
LAW OFFICES OF BONNER & BONNER
475 GATE FIVE RD, SUITE 211
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR MR. JASON STINGLEY

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

JASON STINGLEY )
)
PLAINTIFF, )
)
vs. )
)
CITY OF HANFORD; CITY OF HANFORD )
POLICE DEPARTMENT, PARKER SEVER, )
*In His Individual and Official Capacity;* JEFF )
DAVIS, *In His Individual Capacity;* )
STEPHANIE HUDDLESTON, *In Her* )
*Individual Capacity;* AND DOES 1 )
THROUGH 50, INCLUSIVE, )
)
DEFENDANTS. )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:23-cv-00089-BAM

**SECOND AMENDED COMPLAINT FOR DAMAGES**

FEDERAL CLAIMS

1. Fourteenth Amendment Equal Protection/Hostile Work Environment in Violation of 42 U.S.C. § 1983

2. Retaliation for Exercising First Amendment Right To Free Speech In Violation of 42 U.S.C. § 1983

3. Municipal Liability in Violation of 42 U.S.C. § 1983

4. Employment Discrimination Violation of 42 U.S.C. § 1981

5. Disparate Treatment In Violation of Title VII of the Civil Rights Act

6. Racial Discrimination (Hostile Work Environment) in Violation of Title VII of the Civil Rights Act

7. Retaliation in Violation of Title VII of the Civil Rights Act

STATE CLAIMS

8. Discrimination on the Basis of Race in Violation of Cal. Gov't Code §12940(k)

9. Failure to Prevent Race Discrimination in Violation of Cal. Gov't Code §12940(k)

10. Hostile Work Environment on the Basis of Race in Violation of Cal. Gov't Code §12940(J)(1)

11. Retaliation in Violation of Cal. Gov't Code § 1102.5(b)

12. Violation of Cal. Gov't § 8547 ("Whistleblower Protection Act)

13. Interference with Rights in Violation of Cal. Civ. Code 52.1 (Bane Act)

14. Intentional Infliction of Emotional Distress

**JURY TRIAL DEMANDED**

SECOND AMENDED COMPLAINT FOR DAMAGES
2

**INTRODUCTION**

1.      This case invokes the very essence of the enduring poison that holds fast in the very institutions charged with ensuring that the rights provided and afforded to all citizens are equally guaranteed and protected. Here, an African American police officer, Plaintiff JASON STINGLEY was forced to incur a protracted campaign of hostility and disparate treatment founded upon racial and discriminatory animus by his own department, Defendant HANFORD POLICE DEPARTMENT, a department located miles away from the more racially diverse and culturally inclusive cities in Northern California. The upstanding JASON STINGLEY sought to partake in his chosen profession of policing and to raise a family in an idyllic rural California community located outside of the urban neighborhoods in which he and his family, as African Americans, are otherwise assumed to live and reside. Despite his expectations and belief that the color "blue" held more solidarity than an individual police officer's race and ethnicity, OFFICER STINGLEY's expectation was immediately shattered as his fellow officers at the HANFORD POLICE DEPARTMENT singled out him out by subjecting him to a pervasive and concerted campaign of hostility and rebuke based exclusively on his race.

2.      Here, on account of the harms he incurred as a result of Defendants' blatant and incorrigible disregard of the rights guaranteed him and enshrined in the US Constitution and the laws of the State of California, OFFICER STINGLEY brings the following complaint as a means of not only asserting his own dignity and attaining justice for himself and his family, but for all the non-Caucasian police officers who, upon feeling called to serve their communities, can do so  upon equal terms and conditions such that the rights and values that United States aspires to will one day finally and actually come to fruition.

**PARTIES**

3.      JASON STINGLEY ("OFFICER STINGLEY") is a citizen of the United States and is a resident of the County of Kings, California.  OFFICER STINGLEY was, at all relevant times, employed by the City of Hanford as a police officer for Hanford's Police Department located  in the County of Kings, California.

4.    DEFENDANT PARKER SEVER ("SEVER & CHIEF OF POLICE SEVER"), sued herein *In His Individual and Official Capacity* is an individual residing in the County of Kings, California, and is employed by the Hanford Police Department.

5.    DEFENDANT JEFF DAVIS ("DAVIS"), sued herein *In His Individual Capacity* is an individual residing in the County of Kings, California, and is employed by the Hanford Police Department.

6.    DEFENDANT STEPHANIE HUDDLESTON ("HUDDLESTON") sued herein *In Her Individual Capacity* is an individual residing in the County of Kings, California, and is employed by the Hanford Police Department.

7.    OFFICER STINGLEY is informed, believes, and based thereon, alleges that Defendant CITY OF HANFORD ("CITY OF HANFORD") is a governmental entity in the State of California, with a principal place of business at 315-321 North Douty Street, Hanford, California 93230.

8.    OFFICER STINGLEY is informed, believes, and based thereon, alleges that Defendant HANFORD POLICE DEPARTMENT ("HANFORD POLICE DEPARTMENT") is a governmental entity of and for the County of Kings, with a principal place of business at 425 N. Irwin Street, Hanford, California 93230.

9.    The true names, identities and/or capacities of the individuals sued herein as DOES 1 through 50, inclusive, are currently unknown to OFFICER STINGLEY, who, therefore, sues said DOES by such fictitious names. When the true name, identities, and/or capacities of these DOES are known, OFFICER STINGLEY will seek leave of the Court to amend this Complaint.

10.    OFFICER STINGLEY is informed, believes, and based thereon, alleges that DEFENDANTS, and each of them, were the employees, agents, servants, supervisors, managers, officers and/or directors of each and every other DEFENDANT, and in doing the things alleged herein, were acting within the course, scope and authority of such agency, supervision and/or employment.

11.    OFFICER STINGLEY is further informed, believes, and based thereon, alleges that the acts, omissions, and things complained herein were done by the agents, servants, employees, supervisors, manages, officers, and/or directors of Defendants, and each of them, and were authorized, directed, approved and ratified by Defendants.

**RESPONDEAT SUPERIOR**

12.     All of the described conduct, acts, and failures to act are attributed to agents and managing agents of CITY OF HANFORD. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment and agency. Further, at all relevant times each DEFENDANT was acting in agreement, and with the endorsement, ratification and consent of each of the other DEFENDANTS.

**RATIFICATION, ADOPTION AND AUTHORIZATION**

13.     Defendant CITY OF HANFORD and its managing agents, in both their individual and official capacities, ratified, adopted and authorized each of the DEFENDANTS and managing agents' illegal conduct. Defendant CITY OF HANFORD and its managing agents, in both their individual and official capacities, knew, or should have known, that Defendant and managing agents were engaging in illegal conduct and had been warned, informed, and given prior notice of the illegal conduct.

14.     It is well established that when an employer ratifies the tortious conduct of an employee, he or she becomes "liable for the employee's wrongful conduct as a joint participant. An employer who fails to discipline an employee after being informed of that employee's improper conduct can be deemed to have ratified that conduct. According to the court in Iverson, supra, if an employer is informed that an employee has committed an intentional tort and nevertheless declines to "censure, criticize, suspend or discharge" that employee, a claim can be made for ratification.

15.     Ratification is the voluntary election by a person to adopt in some manner as his own, an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him. A purported agent's act may be adopted expressly, or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it.

16.     At all relevant times alleged herein, Defendant CITY OF HANFORD and HANFORD POLICE DEPARTMENT and its managing agents, in both their individual and official capacities,

SECOND AMENDED COMPLAINT FOR DAMAGES

5

had actual and constructive knowledge of Defendants,' and managing agents' illegal conduct and has endorsed, ratified, and encouraged Defendants' illegal behavior. Defendant CITY OF HANFORD and HANFORD POLICE DEPARTMENT, and its managing agents, in both their individual and official capacities, failed to take any corrective action to protect employees and the public from Defendants' illegal behavior.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.    OFFICER STINGLEY has affirmatively filed an administrative "Tort Claim" with the Clerk of the Board of Supervisors of Defendant CITY OF HANFORD. OFFICER STINGLEY has additionally filed a claim with the Equal Employment Opportunity Commission (EEOC) and the Department of Fair Employment and Housing (DFEH) where both agencies have affirmatively granted OFFICER STINGLEY Right-To Sue Letters.

## WORKERS' COMPENSATION EXCLUSIVITY DOES NOT APPLY

18.    Each and every wrongful, injurious, intentional, willful, discriminatory, harassing act and failure to act, by Defendants were not normal incidents of employment and were outside the scope of the employment bargain. Thus, workers compensation exclusive remedy set forth in California Labor Code § 3600 et seq. will not preempt, nor bar OFFICER STINGLEY's right to recover for damages set forth herein.

## STATEMENT OF FACTS

19.    OFFICER STINGLEY was employed as a police officer with the HANFORD POLICE DEPARTMENT between the years of 2006 and 2021. In 2020, as a manifestation of Defendants' concerted campaign of hostility and harassment, the HANFORD POLICE DEPARTMENT stripped OFFICER STINGLEY of his rank of acting Sergeant after a contrived and pretextual internal investigation. Prior to such, OFFICER STINGLEY, as an acting Sergeant was assigned to the misdemeanor M-Team with Defendant SEVER as his direct supervisor.

20.    Defendants directly targeted OFFICER STINGLEY through racial discrimination and retaliation to the point that OFFICER STINGLEY was forced to resign his employment as a Police Officer with the CITY OF HANFORD. Over a period of approximately fifteen-years, OFFICER STINGLEY was forced to incur and endure an unrelenting and systematic campaign of discrimination,

SECOND AMENDED COMPLAINT FOR DAMAGES

denigration, hostility and demeaning work environment, as well as a blatant disregard of the rights afforded and protected him under both federal constitutional law and California state law.

21.     The ongoing and pervasive abhorrent conduct commenced in or about October of 2006 when OFFICER STINGLEY, an African American police officer holding the same standing as his fellow Caucasian police officer was instructed by his senior officer,  Defendant SEVER to drop to his knees on the well traversed Hanford Main street and 'pretend' that he was yet another stereotypical Black man who committed a crime such that his Caucasian police colleagues could 'playact' before the African American Hanford citizenry, the beating and excessively aggressive arrest of a Black man in the overly Caucasian populated Hanford and Kings County. The intention and aim of such 'street theatre' was to send a threatening and cautionary message to the African American onlookers perceiving this unadulterated, blatantly racist and KKK informed spectacle as to their expectations were they to 'get out of line' and encounter the HANFORD POLICE DEPARTMENT. On account of showing officer solidarity, displaying department loyalty, and most importantly, following a direct order from his commanding officer, OFFICER STINGLEY felt obligated to play along with his fellow officers' request to demean himself, his race and to perpetuate racist memes and stereotypes that ultimately and cumulatively resulted in STINGLEY incurring emotional and mental distress, shame, embarrassment, and humiliation.

22.     In or about the year of 2007, Defendant SEVER, while holding the rank of Lieutenant, unimaginably informed OFFICER STINGLEY, in a sincere and incisive tone, that, despite being a member of the HANFORD POLICE DEPARTMENT, in SEVER's eyes, he was just a subordinate Black man, and as such, he was going to request that HANFORD POLICE DEPARTMENT Chief at the time, Chief Carlos Mestas, to provide OFFICER STINGLEY with a special dispensation to carry a spear instead of a handgun. Thus, SEVER perpetuated the highly derogatory racist trope that African Americans were just 'spear chucking' heathens whose stereotypical African heritage continued to define them. Again, such abhorrent disrespect hailing from OFFICER STINGLEY's commanding officer in a department to which he devoted his utmost loyalty occasioned OFFICER STINGLEY to experience emotional and mental distress, shame, embarrassment, and humiliation

23.     SEVER's racist proclivities and the otherwise hostile environment that such public display created extended to other non-Caucasian Hanford police officers where, in or around December 20, 2016, Defendant SEVER sent an office wide racially offensive email directed against the Department's Latino Officers. Defendant SEVER wrote, when correcting his misidentifying a Latino Officer, "I meant Officer Rivera. Curse all of you [referring to the Department's Latino PD officers and staff] for looking alike. Lol."

24.     The hostility perpetuated unabated with Defendants' HANFORD POLICE DEPARTMENT and its commanding officers ignoring and disregarding Defendant DAVIS referring to OFFICER STINGLEY as an "Uncle Tom" as a public display of disrespect and racial insult that was communicated when in the presence of the entire HANFORD POLICE DEPARTMENT during an assembly gathering.

25.     Defendant DAVIS' condescending and racially charged comment was followed by DAVIS' outrageous accusation that OFFICER STINGLEY had showed up to work in his 'pajamas,' a pejorative and racially charged description of OFFICER STINGELY's African American attire with racial undertones that STINGLEY "was smelling like a men's locker room" and had espoused aggressive and sexually explicit comments that "caused fellow officers to fear for their safety."

26.     Upon such outrageously disrespectful and trifling accusations, the HANFORD POLICE DEPARTMENT, in particular Lieutenant James Edlund, with an intention of perpetuating the racial hostility in which Department supervisors acquiesced and took part, subjected OFFICER STINGLEY to an internal affairs investigation that resulted in a more unimaginable affirmative finding. OFFICER STINGLEY was immediately placed on leave such that he was precluded from approaching the Department to inform them of the congruity between DAVIS's allegation and the protracted campaign of racial and discriminatory treatment he had been incurring throughout the pendency of his employment.

27.     Thereafter, OFFICER STINGLEY was precluded from participating in the Department's appeals process which resulted in the Department's intended result of demoting OFFICER STINGLEY in or about October 21, 2020. Upon information and belief, a strong inference exists that such action was taken against OFFICER STINGLEY as an intentionally and pre-textually motivated

decision to remove OFFICER STINGLEY from his position on account of his race which his Caucasian police officer colleagues, SEVER, DAVIS, HUDDLESTON ("HUDDLESTON"), and DOES took express and affirmative exception with as reflected in perpetuating a hostile work environment. Similarly, OFFICER STINGLEY was stripped of his acting Sergeant position on account of Defendants' intention to expressly replace OFFICER STINGLEY with an otherwise less experienced Caucasian HANFORD POLICE DEPARTMENT Officer, Jared Cota. The swiftness and derogation of the proper protocols for initiating such replacement lends credence to OFFICER STINGLEY's reasonable inference. Defendant SEVER, who at the time was the Chief of Police for the HANFORD POLICE DEPARTMENT all but affirmed such when he stated that the Department needn't promote OFFICER STINGLEY on account that the Department had a new token African American officer when it hired its second African American police officer. Speaking to OFFICER STINGLEY, SEVER declaimed that, "now we don't have to promote you, Jason [OFFICER STINGLEY]."

28.     Meanwhile, Defendant DAVIS was free to express his racist proclivities when he was able to forego reprimand and discipline for publicly utilizing the N-word when arresting an African American juvenile. Such disregard by HANFORD POLICE DEPARTMENT and the CITY OF HANFORD persisted when they were informed that DAVIS was blatantly displaying yet another despicable and racially charged trope of publicly hanging a noose from his patrol vehicle.

29.     Defendant HUDDLESTON perpetuated her individual, as well as CHIEF SEVER's racially hostile proclivities by encouraging Defendant DAVIS to concoct additional negative allegations against OFFICER STINGLEY in order to further a concerted and protracted campaign intended to force OFFICER STINGLEY from the HANFORD POLICE DEPARTMENT.

30.     In or about November 2020, OFFICER STINGLEY approached HANFORD POLICE DEPARTMENT, Captain Carl Anderson and informed him of the racially hostile conditions under which he was having to endure, including the expressly sham and pretextual internal investigation that relied upon abhorrent racial stereotypes as grounds for initiating such, and the resulting findings that substantiated his most undeserving and harsh disciplinary imposition of demotion from the rank of Acting Sergeant.

SECOND AMENDED COMPLAINT FOR DAMAGES

31.     Thereafter, OFFICER STINGLEY, in or about December 2020, made a formal complaint to the CITY OF HANFORD's City Manager Mario Cifuentez where STINGLEY provided a full and complete accounting of the protracted racially hostile encounters that he had incurred over the years at the hands of the Departments' Caucasian officers, including CHIEF OF POLICE SEVER. OFFICER STINGLEY also informed the City Manager of the discriminatory animus in which his fellow Caucasian officers deployed with respect to overly aggressive policing that utilized excessive force against the non-Caucasian citizenry of Hanford. Confident that the CITY OF HANFORD's representation that it would take action in response to his complaints, OFFICER STINGLEY resumed his duties as they now existed upon his demotion to the rank of Corporal.

32.     Upon the heels and in retaliation over OFFICER STINGLEY's complaints to both Captain Carl Anderson with the HANFORD POLICE DEPARTMENT and Mario Cifuentez of the CITY OF HANFORD, both CHIEF OF POLICE SEVER and the CITY OF HANFORD affirmed the findings of the Internal Investigation on December 17, 2020 and December 30, 2020 respectively which, in finding that OFFICER STINGLEY engaged in conduct 'unbecoming an officer,' recommended OFFICER STINGLEY's demotion from Acting Sergeant to Corporal.

33.     Nevertheless, the hostile conditions existing within the HANFORD POLICE DEPARTMENT persisted unabatedly where in or around March 4, 2021, OFFICER STINGLEY was subjected to a second baseless and patently retaliatory Internal Affairs investigation for purportedly challenging a Hanford resident to a fight while in uniform during an arrest encounter as well as failing to arrive on the scene of said encounter in a timely fashion. As an African American officer, OFFICER STINGLEY was required, as a custom and practice of the Department, to be the 'first responder' at a scene where the would-be perpetrator was an African American.

34.     On account thereof, the HANFORD POLICE DEPARTMENT placed OFFICER STINGLEY on administrative leave while the Department conducted its baseless investigation intended to exacerbate the already egregious and patently unwarranted and excessive disciplinary action of demotion of rank. To add further insult and 'punishment' for raising complaints to both the HANFORD POLICE DEPARTMENT and the CITY OF HANFORD as to the racial and discriminatory animus he had persistently incurred on account of the Department's unrelenting hostile

work environment, OFFICER STINGLEY was forced to undergo psychological exams which, despite being found competent to carry out his duties, the Department intentionally left the investigations pending in order to intentionally harass and hamper OFFICER STINGLEY's request for closure such that he could make inquiries as to other employment opportunities.

35.     OFFICER STINGLEY's treatment was in stark contrast to similarly situated Caucasian HANFORD POLICE DEPARTMENT officers who, when accused of engaging in physical altercations with Hanford residents and/or accused of deploying excessive force, were systematically excused from having to undergo internal investigations, and if undertaken, were not subject to the harassment of Department refusal to make a prompt and conclusive finding.

36.     In furtherance of the Department's wholesale retaliatory hostility and harassment, OFFICER STINGLEY was additionally subjected to two additional disciplinary actions, as well as an additional internal investigation that again alleged a pre-textual altercation with a citizen of Hanford. The HANFORD POLICE DEPARTMENT cited OFFICER STINGLEY for disciplinary infractions for (1) sporting facial hair despite the Department having previously and consistently giving him dispensation on account of a medical skin condition that is exacerbated by shaving and (2) for tattoos that had otherwise been permitted. Both disciplinary actions were disparately imposed where similarly situated Caucasian officers employed by the HANFORD POLICE DEPARTMENT purportedly violating the same code regulations were overlooked for disciplinary action.

37.     The hostility in which OFFICER STINGLEY was forced to endure finally crescendoed to a degree that continuing his employment with the HANFORD POLICE DEPARTMENT was unendurable and as such OFFICER STINGLEY's employment was constructively terminated on or about January 13, 2022.

**FEDERAL CLAIMS**

**FIRST CAUSE OF ACTION**
**Fourteenth Amendment Equal Protection/Hostile Work Environment**
**In Violation of 42 U.S.C. § 1983**
(Against Sever, Davis, Huddleston, and Does 1-50)

38.     OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

39.     The Fourteenth Amendment of the United States Constitution, provides important rights that are applicable to the States: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

40.     Claims for hostile work environment claims are based on a violation of the Fourteenth Amendment's Equal Protection Clause and as such, may serve as an independent source for a Section 1983 claim. The Equal Protection clause of the Fourteenth Amendment confers a federal constitutional right to be free from racial discrimination at the hands of governmental actors. To prevail on a hostile work environment claim, a plaintiff must show that her "workplace permeated with discriminatory intimidation was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.

41.     As specifically alleged above, OFFICER STINGLEY, an African American police officer employed by the CITY OF HANFORD and a member of the HANFORD POLICE DEPARTMENT was subjected to a concerted and unrelenting campaign of racial and discriminatory animus by fellow officers and supervisory staff of the HANFORD POLICE DEPARTMENT, SEVER, DAVIS, HUDDLESTON and DOES 1-50 such that it substantially altered the conditions of his employment to a degree of severity and pervasiveness that resulted in his constructive termination, i.e., work environment became so intolerable that a reasonable person would be compelled to resign.

42.     The actions and conduct of SEVER, DAVIS, HUDDLESTON and DOES 1-50 cumulatively resulting in a hostile work environment has caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

43.     As to Defendants SEVER, DAVIS, HUDDLESTON, and DOES 1-50, as alleged herein, their individual and communal acts and conduct were intentional, outrageous, despicable, oppressive,

fraudulent, and done with ill will and intent to injure Mr. Stingley and to cause him mental anguish, anxiety, and distress.  Defendants' acts were done in conscious disregard of the risk of severe emotional harm to OFFICER STINGLEY and with the intent to injure, constituting oppression, fraud, and malice, entitling Mr. Stingley to punitive damages against these individual Defendants only.

Wherefore, OFFICER STINGELY prays for judgment as more fully set forth below.

## SECOND CAUSE OF ACTION
**Retaliation For Exercising Free Speech**
**In Violation of 42 U.S.C. § 1983**
(Against Sever, Davis, Huddleston, and Does 1-50)

44.     OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

45.     OFFICER STINGLEY brings this claim under federal statute 42 U.S.C. § 1983, which provides that any person or persons, who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

46.     At all times herein relevant Defendants' PARKER SEVER, DAVIS, HUDDLESTON, and DOES were acting under color of state law.

47.     The First Amendment of the United States Constitution states: "Congress shall make no law abridging the freedom of speech, or the press."  The First Amendment has been interpreted to apply to all government organizations in the United States.  It applies to state and local governments through operation of the Fourteenth Amendment Due Process Clause, which incorporates the free speech protection of the First Amendment.

48.     Public employees have the right not to have the government restrict their speech on the basis of the speech's viewpoint. OFFICER STINGLEY exercised his First Amendment rights when he communicated to the HANFORD POLICE DEPARTMENT and the CITY OF HANFORD the despicable racially intolerant and discriminatory treatment, he was incurring at the hands of Defendant police officers'  SEVER, DAVIS, HUDDLESTON, and DOES 1-50.

49.     The content of OFFICER STINGLEY's speech were matters of public concern, i.e., informing the HANFORD POLICE DEPARTMENT and the CITY OF HANFORD as to the racially intolerant and hostile work environment that was being perpetuated as a custom and practice within the HANFORD POLICE DEPARTMENT's ranks and the dire need for remedying such, as well as that same intolerance and discrimination being exacted upon the African American and Latino citizenry of the CITY OF HANFORD.

50.     SEVER, DAVIS, HUDDLESTON and DOES 1-50 deprived OFFICER STINGLEY of his rights under the First Amendment when they subjected him to adverse employment actions, including initiation of a sham internal affairs investigation, demotion of rank and constructive termination.

51.     The conduct of SEVER, DAVIS, HUDDLESTON and DOES 1-50, and each of them, at all times relevant and as set forth above, constitutes violations under color of law of OFFICER STINGLEY's rights, privileges and immunities guaranteed him by the First Amendment of the United States Constitution.

52.     The actions and conduct of SEVER, DAVIS, HUDDLESTON and DOES 1-50 have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

53.     As to Defendants SEVER, DAVIS, HUDDLESTON, and DOES 1-50, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure OFFICER STINGLEY and to cause him mental anguish, anxiety, and distress.  Defendants' acts were done in conscious disregard of the risk of severe emotional harm to OFFICER STINGLEY and with the intent to injure, constituting oppression, fraud, and malice, entitling Mr. Stingley to punitive damages against these individual Defendants only.

        Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

//
//
//

SECOND AMENDED COMPLAINT FOR DAMAGES
14

**THIRD CAUSE OF ACTION**
**Municipal Liability**
**In Violation of 42 U.S.C. § 1983**
(Against City of Hanford, Hanford Police Department)

54.   OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

55.   Municipal liability under Section 1983 can be invoked where a municipality expresses "a policy of inaction and such inaction amounts to deliberate indifference to a plaintiff's constitutional rights and that the policy of inaction caused the violation where the municipality could have prevented the violation with the appropriate policy. A plaintiff must plead facts supporting a reasonable inference that the municipality was on actual or constructive notice that its inaction would likely result in a constitutional violation and that the inaction was "the result of a conscious or deliberate choice among various alternatives."

56.   Here, the CITY OF HANFORD was on notice that a culture of racial discriminatory conduct was permeating the HANFORD POLICE DEPARTMENT when OFFICER STINGLEY informed both the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT of the racially charged hostility and harassment that he was incurring (and had incurred) at the hands of CHIEF OF POLICE SEVER, and officers' DAVIS, HUDDLESTON and DOES 1-50. Despite receiving such detailed account, neither the CITY OF HANFORD nor the HANFORD POLICE DEPARTMENT opened an investigation into SEVER, DAVIS, HUDDLESTON, or DOES' individual conduct, nor investigated OFFICER STINGLEY's allegations that the department was permeated by racial and discriminatory animus. Thus, despite its knowledge, the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT perpetuated a policy of inaction that, on account of said inaction, permitted and thereby condoned and emboldened SEVER, DAVIS, HUDDLESTON, and DOES to engage in a campaign of retaliation that resulted in sham investigations in order to substantiate OFFICER STINGLEY's demotion and ultimate constructive termination.

57.   Thus, the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT's policy of inaction constituted a conscious choice, i.e., deliberate indifference to OFFICER STINGLEY's First Amendment right to speak to constitutionally infirm conduct that was being perpetuated against him

in the HANFORD POLICE DEPARTMENT, as well as STINGLEY's Fourteenth Amendment right to equal protection being most blatantly violated on account of the hostile working conditions he was faced to endure as the only African American in the HANFORD POLICE DEPARTMENT;  and on account thereof, having to endure treatment, discipline, investigations and other adverse employment actions that his similarly situated Caucasian colleagues were able to evade and avoid.

58.    Had the CITY OF HANFORD enacted and enforced policies to stem the HANFORD POLICE DEPARTMENT and its individual officers' blatant and unrelenting racial and discriminatory animus, the constitutional harms incurred by OFFICER STINGLEY would not have occurred. Similarly, the CITY OF HANFORD was apprised that the HANFORD POLICE DEPARTMENT and its individual officers deployed their racial and discriminatory animus outside the precinct walls by engaging in discriminatory and racially motivated excessive force on the Latino citizenry of Hanford. *See, for e.g., Tafoya v. City of Hanford*, No. 1:20-cv-00010-LJO-SAB, 2020 U.S. Dist. LEXIS 9874, at *1 (E.D. Cal. 2020)(No. 1:20-cv-00010-LJO-SAB)(excessive force); *Hemphill v. City of Hanford Poilce Dep't*, No. 1:19-cv-01119-AWI-EPG, 2020 U.S. Dist. LEXIS 97599, at *1 (E.D. Cal. 2020)(1:15-cv-01513-SMS)(excessive force); Arellano v. City of Hanford, 2016 U.S. Dist. LEXIS 53123, at *1 (E.D. Cal. 2016)(1:15-cv-01513-SMS)(excessive force).

59.    Municipal liability can additionally attach when a municipal official with final policymaking authority makes a deliberate choice to follow a course of action. A single decision by a municipal policymaker can, in appropriate circumstances, subject a municipality to liability under § 1983.

60.    Here, in engaging in conduct constituting racial and discriminatory animus directed towards the HANFORD POLICE DEPARTMENT's only African American police officer both prior to and after his appointment to the Department's CHIEF OF POLICE, Defendant SEVER, as the HANFORD POLICE DEPARTMENT's final policymaker relied upon his final policymaking authority to subject OFFICER STINGLEY to a sham investigation with the intent to both strip him of his rank of Sergeant, as well as lay the foundation to substantiate his termination. CHIEF OF POLICE SEVER's employed his final policymaking authority to retaliate against OFFICER STINGLEY on account of STINGLEY levying complaints against SEVER with both the HANFORD

POLICE DEPARTMENT in November 2020 and the CITY OF HANFORD in or around December 2020.

61.     In wielding final policymaking authority to initiate and confirm an internal investigation with the intended result to demote OFFICER STINGLEY from his rank of Sergeant and thereby perpetuate the hostile work environment that he and his fellow officer colleagues engaged in, CHIEF OF POLICE reasonably subjected the CITY OF HANFORD to liability under § 1983.

62.     Both the inactions of the CITY OF HANFORD, as well as the affirmative actions and conduct of CHIEF OF POLICE SEVER which separately and cumulatively impose liability upon the CITY OF HANFORD and/or the HANFORD POLICE DEPARTMENT have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment  and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

**FOURTH CAUSE OF ACTION**
**Employment Discrimination**
**In Violation of 42 U.S.C. § 1981**
(Against City of Hanford, Hanford Police Department, Chief of Police Sever)

63.     OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

64.     At all relevant times, OFFICER STINGLEY was a party to an employment contract with Defendants' CITY OF HANFORD and the HANFORD POLICE DEPARTMENT but Defendants converted that contract into a situation resulting in Defendants' discrimination against OFFICER STINGLEY which violated the rights afforded him by the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, which affirmatively provides protection against racial discrimination in private employment.

65.     On account of the conduct described above, Defendants' CITY OF HANFORD, HANFORD POLICE DEPARTMENT, and CHIEF OF POLICE SEVER, as supervisor and final policymaker, have intentionally deprived OFFICER STINGLEY, an African American, of rights enjoyed by Caucasian employees of the HANFORD POLICE DEPARTMENT, including but not limited to the right to make and enforce contracts as guaranteed by 42 U.S.C. §1981.

66.     As a result of the above racial and discriminatory animus directed at OFFICER STINGLEY with respect to his employment with the CITY OF HANFORD and/or the HANFORD POLICE DEPARTMENT   that was in patent violation of §1981, OFFICER STINGLY has been denied employment in a workplace free of racial animus, retaliation and other forms of discrimination and on account thereof, have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

### FIFTH CAUSE OF ACTION
### Disparate Treatment in Violation of Title VII of the Civil Rights Act
### 2 U.S.C. § 2000e, et seq.
Against City of Hanford and Hanford Police Department

67.     OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

68.     Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, or sex.

69.     As an African American police officer in the predominately Caucasian HANFORD POLICE DEPARTMENT,  OFFICER STINGLEY was subjected to terms and conditions of his employment, i.e., disciplinary actions, internal investigations, targeted enforcement of the Department's rules and

regulations, and demotion that were more restrictive, less favorable, and disparately enforced and investigated then the terms and conditions of employment enjoyed by similarly, and situated Caucasian employees of the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT.

70. The actions and conduct of the employees, supervisors, and managing agents of OFFICER STINGLEY's employer, the CITY OF HANFORD and HANFORD POLICE DEPARTMENT have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

### SIXTH CAUSE OF ACTION
### Racial Discrimination (Hostile Work Environment) in violation of
### Title VII of the Civil Rights Act
### 2 U.S.C. § 2000e, et seq.

71.    OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

72.    For a Title VII discrimination claim, a plaintiff must establish in her complaint a *prima facie* case of discrimination. The plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) there is "at least minimal support for the proposition that the employer was motivated by discriminatory intent."

73.    To plead a hostile work environment claim under Title VII, a plaintiff must show: (1) he was "subjected to verbal or physical conduct" because of his race; (2) "the conduct was unwelcome"; and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." A hostile work environment exists when the work place is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive as to alter the condition of the victim's employment and create an abusive working environment.

SECOND AMENDED COMPLAINT FOR DAMAGES
19

Similarly, constructive discharge under Title VII exists when the work environment becomes so intolerable that a reasonable person would be compelled to resign

74.     As specifically alleged above, OFFICER STINGLEY, an African American police officer employed by the CITY OF HANFORD and a member of the HANFORD POLICE DEPARTMENT was subjected to a concerted and unrelenting campaign of racial and discriminatory animus by fellow officers and supervisory staff of the HANFORD POLICE DEPARTMENT including Defendants' SEVER, DAVIS, HUDDLESTON and DOES 1-50 such that it substantially altered the conditions of his employment to a degree of severity and pervasiveness that reasonably warranted his constructive termination, i.e., work environment became so intolerable that a reasonable person would be compelled to resign.

75.     OFFICER STINGLEY's employer, the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT were on both direct and constructive notice as to the racially hostile conditions that OFFICER STINGLEY was forced to endure on account of the  complaints that he levied with the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT as well as Defendant SEVER's personal knowledge, as the HANFORD POLICE DEPARTMENT's Chief of Police with respect to both his own personal and direct involvement in perpetuating the Department's hostile work environment and as the Chief who wielded the authority as the Department's final policymaker, to initiate both Department policy and decide employment matters.

76.     The actions and conduct of the employees, supervisors, and managing agents of OFFICER STINGLEY's employer, the CITY OF HANFORD and HANFORD POLICE DEPARTMENT have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

//

## SEVENTH CAUSE OF ACTION

SECOND AMENDED COMPLAINT FOR DAMAGES

**Retaliation in violation of**
**Title VII of the Civil Rights Act**
**2 U.S.C. § 2000e, et seq.**

77.     OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

78.     Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

79.     OFFICER STINGLEY levied complaints with the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT opposing the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT's unlawful, discriminatory employment practices based upon OFFICER STINGLEY's African American race. In addition, the HANFORD POLICE DEPARTMENT chief of police was (is) Defendant SEVER who was personally involved with perpetuating such discriminatory employment practices as specifically alleged above.

80.     As a result of OFFICER STINGLEY's complaints, as well as Defendant SEVER's personal participation and thereby a threat to his position and authority, Defendant CITY OF HANFORD and its agents, employees and/or supervisors took materially adverse actions against OFFICER STINGLEY. These actions included, but are not limited to the filing of baseless internal investigations, making adverse findings regarding those investigations, imposition of disciplinary measures, stripping and demotion of rank, and ultimate constructive termination.

81.     The CITY OF HANFORD and the HANFORD POLICE DEPARTMENT's adverse actions constituted retaliatory workplace harassment in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, et seq, as well as said retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

82.     As a direct, foreseeable, and proximate result of Defendant's the retaliatory actions and conduct of the CITY OF HANFORD, the HANFORD POLICE DEPARTMENT, its employees, supervisory staff, and managing agents have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys'

fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGELY prays for judgment as more fully set forth below.

**STATE CLAIMS**

### EIGHTH CAUSE OF ACTION
### Discrimination on the Basis of Race
Cal. Gov't Code §12940(a)
(Against City of Hanford, Hanford Police Department, Chief of Police Sever)

83.    OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

84.    At all times mentioned herein, California Government Code section 12940 *et seq*. was in full force and binding on Defendant, as an employer.

85.    At all times relevant herein, Plaintiff was an employee of Defendants City of Hanford, Hanford Police Department.

86.    Defendants CITY OF HANFORD, HANFORD POLICE DEPARTMENT, and CHIEF OF POLICE SEVER discriminated against OFFICER STINGLEY in the terms, conditions and privileges of his employment, including but not limited to subjecting and permitting him to incur a concerted campaign of racial and discriminatory animus in the workplace causing a derisively hostile environment that comprised sham and pretextual internal investigations and disciplinary demerits, demotion of rank, foreclosure of promotional opportunities, and ultimate constructive termination.

87.    OFFICER STINGLEY believes and thereon alleges that his race was a substantial motivating reason for Defendant's adverse employment actions taken against him.

88.    Defendants' conduct of discriminating against OFFICER STINGLEY on the basis of his race violated  Cal. Gov't Code § 12940(a).

89.    As a direct, foreseeable, and proximate result of Defendants' actions and conduct, the CITY OF HANFORD, the HANFORD POLICE DEPARTMENT, its employees, supervisory staff, and managing agents have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and

other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

90. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees, pursuant to Cal. Gov't Code § 12965.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

**NINTH CAUSE OF ACTION**
**Failure to Prevent Race Discrimination**
**Cal. Gov't Code §12940(k)**
(Against City of Hanford, Hanford Police Department, Chief of Police Sever)

91.     OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

92.     At all times mentioned herein, California Government Code section 12940 *et seq*. was in   full force and binding on Defendants' CITY OF HANFORD, HANFORD POLICE DEPARTMENT and CHIEF OF POLICE SEVER. This section provides that it is unlawful for a Defendant, as an employer, to fail to take all reasonable steps necessary to prevent race discrimination from occurring.

93.     At all times relevant herein, OFFICER STINGLEY was an employee of Defendants.

94.     OFFICER STINGLEY was subjected to discrimination on the basis of race, as set forth herein. OFFICER STINGLEY was also subjected to retaliation based on his complaints levied to Defendants as to the racial and discriminatory animus and hostility in which he incurred while in the course of his employment with the HANFORD POLICE DEPARTMENT. OFFICER STINGLEY complained about being subjected to such retaliation.

95.     Defendants' CITY OF HANFORD, HANFORD POLICE DEPARTMENT, and CHIEF OF POLICE SEVER failed to take all reasonable steps to prevent the discrimination and/or retaliation from occurring in the workplace.

96.     As a direct, foreseeable, and proximate result of Defendants' failure to prevent discrimination, CITY OF HANFORD, the HANFORD POLICE DEPARTMENT, CHIEF OF POLICE SEVER and its employees, supervisory staff, and managing agents have caused and continue to cause OFFICER

STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

97.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees, pursuant to Cal. Gov't Code § 12965.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

**TENTH CAUSE OF ACTION**
**Hostile Work Environment in Violation of**
**Cal. Gov't Code §12940(J)(1)**
(Against City of Hanford, Hanford Police Department)

98.    OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

99.    Under FEHA, it is unlawful for an employer to harass any employee based on race.

100.    To establish a prima facie case of harassment, plaintiff must show that she was subject to a hostile work environment based on her race, and that the harassment was sufficiently pervasive so as to alter the conditions of employment and create an abusive work environment.

101.    Harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.

102.    At all times mentioned herein, California Government Code section 12940 *et seq.* was in full force and binding on Defendants CITY OF HANFORD and HANFORD POLICE DEPARTMENT, as an employer.

103.    At all times relevant herein, OFFICER STINGELY was an employee of Defendants CITY OF HANFORD and HANFORD POLICE DEPARTMENT.

104.    Defendants CITY OF HANFORD, HANFORD POLICE DEPARTMENT and CHIEF OF POLICE SEVER were aware and apprised of the hostility that was directed at OFFICER STINGLEY

but instead of addressing and responding to its unfolding, chose to ratify its intended result of forcing OFFICER STINGLEY from both his rank of Sergeant and ultimately his employment with the Department. This intended result was more than substantiated on account of the unequivocally discriminatory conduct displayed, expressed and ratified by CHIEF OF POLICE SEVER. As such, the racially hostile work environment directed at OFFICER STINGLEY took the form of direct expressions of racially hostile connotations of "Uncle Tom," hanging nooses, tokenism, racial stereotypes and inferences thereupon, sham and pretextual investigations, unsubstantiated findings, racially intended demotions, and retaliation.

105.    As such, the hostility was so sufficiently pervasive as to irreparably alter the conditions of employment such that OFFICER STINGLEY, in order to safeguard his life and property, was forced into a constructive discharge in or about January 13, 2022.

106.    OFFICER STINGLEY believes and thereon alleges that his race was the substantial motivation for the Caucasian officers of the HANFORD POLICE DEPARTMENT, including CHIEF OF POLICE SEVER to engage in purposeful and intended conduct to create a hostile work environment in order to drive OFFICER STINGLEY from their ranks.

107.    As a direct, foreseeable, and proximate result of Defendants' CHIEF OF POLICE SEVER, DAVIS, HUDDLESTON and DOES 1-50   racially hostile conduct directed at OFFICER STINGLEY, as well as the  CITY OF HANFORD and the HANFORD POLICE DEPARTMENT, including its supervisory staff and managing agents' ratification thereof on account of nonfeasance in taking action to stem such abhorrently despicable and unconstitutional conduct, OFFICER STINGLEY was caused to sustain substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

108. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees, pursuant to Cal. Gov't Code § 12965.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

SECOND AMENDED COMPLAINT FOR DAMAGES

**ELEVENTH CAUSE OF ACTION**
**Retaliation in violation of**
**Cal. Gov't Code § 1102.5(b)**
(Against City of Hanford, Hanford Police Department, Chief of Police Sever)

109.    OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

110.    At all times relevant herein, OFFICER STINGLEY was an employee of Defendant CITY OF HANFORD and/or HANFORD POLICE DEPARTMENT.

111.    OFFICER STINGLEY disclosed information to CITY OF HANFORD and/or HANFORD POLICE DEPARTMENT, through his supervisors and management, that he reasonably believed constituted a violation of the Fair Employment and Housing Act and other laws, as stated herein.

112.    OFFICER STINGLEY has reasonable cause to believe that he disclosed information that expressly reflected Defendants' noncompliance with and/or violation of the Fair Employment and Housing Act.

113.    OFFICER STINGLEY was subjected to a concerted campaign of racial and discriminatory animus in the workplace causing a derisively hostile environment resulting in enduring sham and pretextual internal investigations and disciplinary demerits, demotion of rank, overlooked for promotional opportunities, and ultimate constructive termination.

114.    OFFICER STINGLEY disclosure of such information was a substantial motivating factor in Defendant's decision to discriminate and retaliate against him in the terms and conditions of his employment.

115.    As a direct, foreseeable, and proximate result of Defendant's the retaliatory actions and conduct of the CITY OF HANFORD, the HANFORD POLICE DEPARTMENT, its employees, supervisory staff, and managing agents have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

116. In addition to other such damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Labor Code section 1102.5(j).

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

## TWELFTH CAUSE OF ACTION
### Violation of California Government Code § 8547
### Whistleblower Protection Act
(Against City of Hanford, Hanford Police Department)

117. OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

118. The "California Whistleblower Protection Act, California Government Code section 8547 et seq. provides: "The Legislature finds and declares that state employees should be free to report waste, fraud, abuse of authority, violation of law, or threat to public health without fear of retribution.   The Legislature further finds and declares that public servants best serve the citizenry when they can be candid and honest without reservation in conducting the people's business"

119. "Any person who intentionally engages in acts of reprisal, retaliation, threat, coercion, or similar acts against a state employee… for having made a protected disclosure, is subject to fine not to exceed ten thousand dollars…". Section 8547.8(b)

120. OFFICER STINGLEY was at all times considered a state employee who exercised his right to voice concerns regarding the racial and discriminatory animus he was incurring, as well as the same animus being employed against the citizenry of the CITY OF HANFORD. The CITY OF HANFORD and the HANFORD POLICE DEPARTMENT's decision effectuate sham and pretextual internal investigations, as well as imposition of disciplinary awards that were undertaken in temporal proximity to his having levied complaints with the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT were patently retaliatory acts in violation of California Whistleblower's Protection Act. Gov. Code. § 8547, et seq.

121. As a direct, foreseeable, and proximate result of Defendant's actions and conduct, the CITY OF HANFORD, the HANFORD POLICE DEPARTMENT, CHIEF OF POLICE SEVER and its employees, supervisory staff, and managing agents have caused and continue to cause OFFICER

STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

### THIRTEENTH CAUSE OF ACTION
**Interference with Rights Secured by Constitution and Laws**
**in Violation of California Civil Code 52.1 (Bane Act)**
(Against City of Hanford, Hanford Police Department, Chief of Police Sever, Davis, Huddleston, and Does 1-50)

122.    OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

123.    California Civil Code 52.1 provides:

Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (b), may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

124.    OFFICER STINGLEY exercised his constitutional rights to free speech and the protection thereby provided by federal and state statutes when he disclosed the unlawful and discriminatory conduct that he had incurred at the hands of Defendants. As such, OFFICER STINGLEY is therefore protected by Civil Code 52.1 from interference or attempted interference of the exercise of  those constitutional rights

125.    DEFENDANTS interfered and/or attempted to interfere with OFFICER STINGLEY's constitutional and statutory rights, including but not limited to, the right to be free from racial discrimination as well as unlawful retaliation and the right to exercise his free speech.

126.    OFFICER STINGLEY reasonably believed that if he exercised his right to be free from racial discrimination and free speech that DEFENDANTS would take action against him and his property rights in order to prevent him from exercising these rights or retaliate against him for having exercised said rights.

127.    As a direct result of exercising his right to free speech, DEFENDANTS retaliated against him by subjecting him to a concerted campaign of racial and discriminatory animus in the workplace causing a derisively hostile environment that resulted in his having to endure sham and pretextual internal investigations and disciplinary demerits, demotion of rank, overlooked for promotional opportunities, and ultimate constructive termination.

128.    DEFENDANTS' various acts of reprisal, retaliation, and restraint against OFFICER STINGLEY created a chilling effect on his legitimate speech by creating fear, hesitation, hostility on account of exercising future speech.

129.    In undertaking the conduct alleged herein, DEFENDANTS, and each of them violated the rights of OFFICER STINGLEY under the First and Fourteenth Amendments of the US Constitution, as well as the FEHA statutes under California law.

130.    Specifically, DEFENDANTS have taken the aforementioned actions against OFFICER STINGLEY in direct response to STINGLEY's race and in violation of equal protection, as well as in retaliation for, and in response to STINGLEY exercising his protected speech. The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which the CITY OF HANFORD delegated its governing powers in the areas in which these policies were promulgated or decisions taken or customs or practices followed.

131.    The acts and omissions described above were taken by Defendant CITY OF HANFORD's official policy makers as members charged with such responsibility. It was or should have been plainly obvious to any reasonable policy making official of the CITY OF HANFORD that the acts and omissions of Defendants as alleged herein directly violated and continued to violate OFFICER STINGLEY's clearly established constitutional and statutory rights.

132.    As a direct, foreseeable, and proximate result of Defendant's the retaliatory actions and conduct, the CITY OF HANFORD, the HANFORD POLICE DEPARTMENT, its employees, supervisory staff, and managing agents, as well as Defendants' CHIEF OF POLICE SEVER, DAVIS, HUDDLESTON and DOES 1-50 have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

**FOURTEENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(**Against Sever, Davis, Huddleston, and Does 1-50**)**

133.   OFFICER STINGLEY incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

134.   Defendants SEVER, DAVIS, HUDDLESTON and DOES 1-50's intentional, willful and malicious conduct as herein alleged, i.e., a concerted campaign of hostility founded upon racial and discriminatory animus undertaken with ill will and intent to injure OFFICER STINGLEY was extreme and outrageous and is outside of any accepted worldviews held in the 21st Century and thus, is intolerable in a 'civilized society.'

135. As a direct, foreseeable, and proximate result of the extreme and despicable conduct of the employees of the CITY OF HANFORD and the HANFORD POLICE DEPARTMENT, in particular Defendants' CHIEF OF POLICE SEVER, DAVIS,  HUDDLESTON and DOES 1-50, said Defendants' have caused and continue to cause OFFICER STINGLEY substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages and pension benefits, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

Wherefore, OFFICER STINGLEY prays for judgment as more fully set forth below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JASON STINGLEY prays for judgment against Defendants and each of them as follows:

1.      For general damages including pain, mental and emotional distress, fear, humiliation, damage to career, damage to self-image, spiritual injury and suffering in an amount of $12,000,000 or according to proof;

2.      For special damages in an amount according to proof;

3.      For prejudgment and post judgment interest in an amount according to proof;

4.      For reasonable attorney's fees and cost of suit therein;

5.      For punitive damages against the individual Defendants only in the amount of $3,000,000 as to each Defendant, or according to proof of the net worth of each Defendant;

6.      For statutory penalties and any other statutory relief;

7.      For such other and further relief as the court may deem proper;

8.      OFFICER STINGLEY hereby demands a trial by jury.

**JURY TRIAL DEMANDED.**

DATED: June 27, 2023                    **LAW OFFICES OF BONNER AND BONNER**

                                        _/s/ Charles A. Bonner_
                                        CHARLES A. BONNER
                                        Counsel for Plaintiff

SECOND AMENDED COMPLAINT FOR DAMAGES
31