MARIO U. ZAMORA, #258721
CHRISTINA G. Di FILIPPO, #327255
GRISWOLD, LaSALLE, COBB,
　　DOWD & GIN, L.L.P.
111 E. Seventh Street
Hanford, CA 93230
Telephone: (559) 584-6656
Facsimile: (559) 582-3106
E-mails: zamora@griswoldlasalle.com; difilippo@griswoldlasalle.com
Attorneys for: Defendants, City of Hanford, Hanford Police Department, Parker Sever, Jeff Davis, Stephanie Huddleston

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON STINGLEY,<br><br>　　　　　Plaintiff,<br>　　vs.<br>CITY OF HANFORD, CITY OF HANFORD POLICE DEPARTMENT, PARKER SEVER, in his individual capacity; JEFF DAVIS, in his individual capacity; STEPHANIE HUDDLESTON, in her individual capacity; AND DOES 1 THROUGH 50, INCLUSIVE,<br>　　　　　Defendants. | Case No.: 1:23-cv-00089-BAM<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1. <u>STIPULATION</u>

　　**IT IS HEREBY STIPULATED**, by and between the Parties hereto, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

2. <u>DEFINITIONS</u>

　2.1. "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

　2.2. "Confidential": information (regardless of how it is generated, stored or maintained) or tangible things in the possession of a Designating Party who believes in good faith that such information qualifies for protection under Federal Rule of Civil Procedure 26(c).

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

1

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

2.3. "Confidential Materials": any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

2.4. "Counsel" (without qualifier): any attorney with a firm who has appeared as the attorney of record in this action (as well as their support staff).

2.5. "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "confidential".

2.6. "Disclose" or "Disclosure" or "Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), produced or generated in disclosures or responses to discovery in this matter.

2.7. "Document": all "Writings" and "Records" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved which have been produced in discovery in this Proceeding by any person. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts, reproductions, summaries, and copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

2.8. "Expert": a person with specialized knowledge or experience in a matter pertinent to the

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

2

**[PROPOSED]** STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9. "Information": means the content of Documents or Testimony.

2.10. "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a party to this action

2.11. "Outside Counsel of Record": attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. "Proceeding": the above-entitled proceeding (Case No. 1:23-cv-0089).

2.14. "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16. "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17. "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18. "Testimony": means all depositions, declarations or other testimony taken or used in this Proceeding.

3. SCOPE

This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

3

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

4

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be clearly unjustified or have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must, in writing, promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. All designations in conformity with this Order should not obscure or interfere with the legibility of the designated Information and requires:

5.2.1. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

5

**[PROPOSED]** STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
Eastern District Court Case Number 1:23-cv-00089-BAM

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5.2.2. For Testimony given in depositions the Designating Party may either:

5.2.2.1. specify all portions of the Testimony that qualify as "Confidential;" or

5.2.2.2. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 7 days following receipt of the deposition transcript. Where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

5.2.3. for information produced in some form other than documentary and for any other tangible items, including, without limitation, compact discs or DVDS, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. If any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

6

**[PROPOSED]** STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within ten (10) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. If this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1. <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

7

**[PROPOSED]** STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have ten (10) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle litigation related to the underlying events alleged in this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

8

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

7.2.1. the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information\;

7.2.2. the Receiving Party and its officers, directors, and employees\;

7.2.3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

7.2.4. the court and its personnel;

7.2.5. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary;

7.2.6. during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

8.1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

8.2.1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

9

**[PROPOSED]** STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
Eastern District Court Case Number 1:23-cv-00089-BAM

    8.2.2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    8.2.3. make the information requested available for inspection by the Non-Party.

8.3. If the Non-Party fails to object or seek a protective order from this court within 7 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

10

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. <u>MISCELLANEOUS</u>

11.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. This Stipulated Protective Order does not limit the admissibility or relevance of any Protected Material or limit the jurisdiction of any court that may be asked to determine whether Protected Material may be used in any other action.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11.4. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party.  If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

11.5. This Stipulation and Protective Order was negotiated by the Parties who have agreed to the following further limitations:

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

11

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

11.5.1. Defendants shall produce copies of Defendant Parker Sever, Jeff Davis and Stephanie Huddleston's personnel files with redactions to protect personal information of said defendants, including but not limited to address, social security numbers, phone numbers, medical information of said defendants and their family members or as otherwise agreed to by the parties;

11.5.2. Defendants shall produce any internal affairs investigation files for each of the said defendants responsive to Plaintiff's request subject to redactions for confidential informant information;

11.5.3. All information produced during discovery pursuant to this Order shall be used only for the purposes of this civil case.

11.5.4. Information or documents produced shall not be provided to any person other than counsel for Plaintiff in this matter and Plaintiff;

11.5.5. All information produced during discovery shall only be available for viewing to Plaintiff while incarcerated; and

11.5.6. This order takes no position on the admissibility of any information or documents subject to this order in Plaintiff's criminal actions in the Superior Court of the State of California.

## 12. FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

12

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
Eastern District Court Case Number 1:23-cv-00089-BAM

to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: May 3, 2024                 GRISWOLD, LaSALLE, COBB,
                                                             DOWD & GIN, L.L.P.

                                          By: /s/ Christina G. Di Filippo
                                                CHRISTINA G. DI FILIPPO
                                                Attorneys for: Defendants, City of Hanford,
                                                Hanford Police Department, Parker Sever, Jeff
                                                Davis, Stephanie Huddleston

Dated: May 3, 2024                 Law Offices of Bonner and Bonner

                                          By: /s/ A. Cabral Bonner
                                                CHARLES A. BONNER
                                                A. CABRAL BONNER
                                                Attorneys for: Plaintiff, Jason Stingley

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

13

**[PROPOSED]** **STIPULATED PROTECTIVE ORDER**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, a copy of the foregoing was electronically filed using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record who are deemed to have consented to electronic service:

Charles A. Bonner, cbonner799@aol.com         *Attorneys for Plaintiffs*
A. Cabral Bonner, cabral@bonnerlaw.com
Law Offices of Bonner & Bonner


By: _____/s/ Daniela Beccari_____
         DANIELA BECCARI

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

14

**[PROPOSED]** **STIPULATED PROTECTIVE ORDER**
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**

## ORDER

Having considered the above stipulation and finding good cause, the Court adopts the signed stipulated protective order.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing.  The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document.  The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **May 3, 2024**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

GRISWOLD, LaSALLE, COBB, DOWD & GIN, LLP
111 E. SEVENTH STREET
HANFORD, CA 93230

15

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Stingley v. City of Hanford, et al.*
**Eastern District Court Case Number 1:23-cv-00089-BAM**